## AGEY v. BRYANT.

No. 5648.

Court of Civil Appeals of Texas. Texarkana.

June 13, 1940.

Rehearing Denied June 20, 1940.

Willard J. King, of Henderson, and Willis & Via, of Pampa, for plaintiff in error.

Caves, Waldrop & Shaw, of Henderson, and Golden & Croley, of Dallas, for defendant in error.

. WILLIAMS, Justice.

W. M. Agey, plaintiff below, in his fourth amended original petition on which he went to trial, sought judgment against defendant, R. B. Bryant, in the sum of $5,000 for drilling an oil well, hereinafter referred to as well No. 3, on a south 4⅔ acres of a 15-acre leasehold. In above pleading plaintiff alleged that he and defendant entered into a written contract on July 16, 1935, under which plaintiff was to drill for defendant three wells upon the 15-acre lease, then owned by defendant, and for which defendant was to pay plaintiff $5,000 for each well, payable $1,500 on completion and the balance at the rate of $200 per month. Plaintiff alleged that he "drilled three wells specified in said agreement for defendant and pursuant to and according to the terms and conditions thereof; that defendant paid him for wells No. 1 and No. 2, but had wholly failed and refused to pay him for drilling No. 3." In brief, plaintiff declared upon above contract that he performed under same; and sought judgment thereunder. Defendant answered with exceptions and a general denial. He further pleaded in defense (same being verified) that above contract had been abandoned prior to drilling of No. 3 well; that plaintiff had performed under a subsequent contract entered into between plaintiff and one Max Cherry; and that under two formal releases executed by plaintiff, the latter had released defendant from any obligation under the original contract. Thus as a defense defendant urged a general denial, an abandonment, a novation and a release. It is undisputed that plaintiff and defendant made the July 16, 1935, contract. But the pleadings and evidence raise the issue if plaintiff performed under the original contract.

. Defendant acquired the 15-acre leasehold under an assignment from Jack Apple in consideration of certain oil payments, and

in which instrument Bryant agreed to drill a well in thirty days, and a second and third well, provided the first proved to be a commercial producer. Well No. 1 began to fail after being brought in. Plaintiff was drilling No. 2 when he received a letter from defendant on September 5, 1935, not to drill No. 3 or set up on that location. Subsequent thereto plaintiff filed in the county clerk's office of Rusk County a laborer's and materialman's lien against the 15-acre leasehold to secure a balance due him for drilling wells No. 1 and No. 2. A broker negotiated a sale of the south 4⅔ acres, or the No. 3 location, from defendant to Max Cherry. And on January 23, 1936, plaintiff, defendant and Cherry met in a lawyer's office in Dallas where plaintiff released his lien to defendant on the 4⅔ acres; defendant assigned the leasehold on the south 4⅔ acres to Max Cherry; and plaintiff and Cherry entered into a written drilling contract to drill well No. 3, in which Cherry contracted to pay plaintiff $5,150 cash for such service. This instrument recited that Cherry owned the 4⅔ acre leasehold by reason of assignment unto him of that date. All three instruments bear same date and were acknowledged before the same notary. Plaintiff then moved upon and drilled well No. 3. In February 1936, plaintiff filed in the county clerk's office a laborer's lien against the 4⅔ acre leasehold. In this affidavit it is asserted that Cherry was the owner of the leasehold; that the well had been drilled for him under the Agey-Cherry drilling contract; and plaintiff was due $5,150, plus extras, in the total of $5,682.

In August 1936, plaintiff filed suit against Cherry, Bryant and others (holders of oil payments) and sought judgment for $5,150, plus extras, in the total of $5,682, against all defendants, with foreclosure of last above-mentioned lien. In this original petition plaintiff declared upon the Agey-Cherry drilling contract and alleged that it had been drilled for Cherry pursuant to that contract. On the day prior to filing suit, plaintiff by letter advised defendant that he was about to file suit in order to clear up the Cherry matter and it would be necessary to make defendant a party thereto. And suggested that if defendant would relinquish his rights to an oil payment and thereby save expense, plaintiff would prepare a release for defendant's execution. On October 22, 1936, plaintiff and defendant effected a compromise settlement on a disputed balance plaintiff claimed defendant still owed him for drilling wells No. 1 and No. 2. Defendant paid a certain sum and plaintiff executed to defendant a release from all claims on the entire 15-acre leasehold.

In his fourth amended original petition filed May 2, 1938, plaintiff abandoned all allegations of the Agey-Cherry contract, and performance thereunder; dropped all parties defendant except Bryant, and declared performance under the Agey-Bryant contract, and sought judgment for $5,000. The foregoing instruments, abandoned pleadings, letters and other documentary evidence were introduced in evidence. We deem what has been briefly detailed sufficient for an understanding of our disposition of this appeal. The oral testimony will not be detailed for plaintiff does not attack any finding of the jury for insufficiency of evidence.

The jury found that plaintiff, defendant and Cherry agreed that the Agey-Cherry drilling contract would be in lieu of the Agey-Bryant contract and a release of defendant from any obligation under the Agey-Bryant contract; that plaintiff intended to release defendant from any obligation under the Agey-Bryant contract when plaintiff executed the release dated January 23, 1936; and plaintiff likewise intended to release defendant when plaintiff executed the Agey-Cherry contract. The jury further found that plaintiff intended to release defendant from the Agey-Bryant contract when plaintiff executed the October 1936 release; that defendant did not authorize plaintiff to drill well No. 3; and that plaintiff drilled well No. 3 under the Agey-Cherry contract. Judgment was entered that plaintiff take nothing.

Various propositions of plaintiff are grounded on his special exceptions to the pleadings and the admissibility, under the pleadings, of above-mentioned instruments. These special exceptions will not be detailed further than to note that they were directed to defendant's detailed allegations and description of above written instruments, with the acts and conduct of the parties together with the circumstances surrounding the execution of each. The answer, when taken as a whole, was sufficient to set up the defenses above mentioned. However, we need not rest an affirmance of the judgment upon the foregoing conclusion, and for this reason pretermit a further discussion of the special

exceptions to the pleadings. For it is to be observed that defendant urged a general denial. This plea alone was sufficient to put in issue plaintiff's allegations that he had performed under the original (Agey-Bryant) contract. Article 2006, R.C.S. In Cuniff v. Bernard Corp., Tex.Civ.App., 94 S.W.2d 577, 579, writ refused, with authorities there cited, it is stated: "We think it is now unquestionably the general rule that the general denial allows the introduction by the defendant of any evidence, not otherwise inadmissible, which has the effect of directly rebutting the plaintiff's allegations, or which by reasonable inference infer or argue the nonexistence of the facts relied on by the plaintiff."

These written instruments bearing upon the issue whether plaintiff had performed under the first or second contract were admissible under defendant's plea of a general denial. 33 T.J. p. 666, Sec. 208. This general denial placed the burden of proof upon plaintiff to establish his allegation by a preponderance of the evidence that he had performed under the Agey-Bryant contract. There is no jury finding that he did so. No such issue was requested. There is no jury finding which would warrant a judgment for plaintiff, and the cause is affirmed.