E. Duane SMITH, Appellant,

v.

G. C. WALTERS, Jr., Appellee.

No. 17656.

Court of Civil Appeals of Texas,
Dallas.

June 18, 1971.

Howard V. Tygrett, Jr., Tygrett, Chandler & Kerr, Dallas, for appellant.

Tom C. Ingram, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The question presented by this appeal is the validity *vel non* of a summary judgment rendered in favor of G. C. Walters, Jr., in his action against E. Duane Smith based upon a written contract. We hold that Walters failed to carry the burden imposed upon him by Rule 166–A, Vernon's Texas Rules of Civil Procedure, to show by competent summary judgment evidence that he was entitled to judgment as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970). The judgment is reversed.

On June 1, 1970 Walters and Smith entered into a written contract by the terms of which Walters undertook to sell at public auction five separate parcels of real

property owned by Smith. These properties were generally described and were located in Kaufman, Rockwall, Collin and Dallas Counties. It was provided that Walters was to receive a designated commission on the sales made by him or the sum of $5,000, whichever sum was the greater. Smith reserved the right to accept or reject any and all bids on the properties with his only liability being the $5,000 guarantee to Walters. Walters expressly agreed to advertise the property and to pay all expenses of the sale.

Walters filed this suit against Smith in which he alleged that, pursuant to such contract, which was made a part of his petition, he did conduct an auction on June 24, 1970 and offered for sale "the property described in said contract." He alleged that Smith declined to accept any of the bids obtained at the auction and that by reason of his conduct he became liable to Walters in the sum of $5,000 as specified in the contract. Smith answered with a general denial followed by a special plea of failure of consideration and breach of contract in that Walters did not properly advertise the auction and that he failed to properly conduct the auction in an effective manner required by the contract.

Walters' motion for summary judgment was supported by his own affidavit in which he said that he held the auction on June 24, 1970 at Smith's Truck Stop at Forney, Texas. He related: "At that time the property described in the contract was offered for sale to the highest bidder." He also said that he advertised that the property "described in the contract" was for sale by mailing brochures to 2,500 persons prior to the auction and by distributing additional brochures during the auction. He attached copies of the brochure to the affidavit.

Also attached to the motion was an affidavit by Ralph Segars, an employee of Walters, who stated therein that he had acted as auctioneer for Walters on June 24, 1970 and that four separate items of real property owned by Smith were offered for sale during the auction.

Smith filed an answer to the motion for summary judgment to which he attached his own affidavit stating that he relied upon Walters' statement to the effect that three or four weeks was all that was necessary to get out the proper advertising to people of interest in the properties offered for sale; that he furnished Walters with truck stop directories in order that these people could be contacted about the sale and that Walters advised him that proof of publication in various newspapers and journals concerning the auction would be furnished him. He said this was never done. He said that Walters sent out little or no advertising and required no registration of persons in attendance on the auction and that the auction actually held constituted only a token effort to sell the land so as to collect the guaranteed fee. He said that prior to the auction the National Truck Stop Association met in Lake Tahoe, Nevada and that Walters had represented to him that a brochure would be printed and distributed at this convention. He said this was never done though Walters repeatedly advised him that "We'll take care of it for you." He said that no literature was ever presented at the convention. Smith said that there was little or no response at the purported auction which was held.

In his first point of error appellant Smith assails the summary judgment because the record affirmatively demonstrates that appellee Walters did not perform his obligations pursuant to the contract. He points out that under the agreement Walters bound himself to sell or offer to sell five separate items of real property, one of which was described as "150 ft. frontage on Forest Lane, Thunderbolt and (word unclear)—Dallas County, Texas." Appellant points to the fact that all of the summary judgment evidence introduced by appellee clearly indicates that this particular tract of land in Dallas County was never offered for sale by

appellee at the auction. The brochures printed by appellee and distributed do not contain any reference to this item of property. The auctioneer in his affidavit, expressly states that only four tracts of land were offered and none of them was that located in Dallas County and described above.

■ The burden of proof was clearly upon appellee to establish by competent summary judgment evidence that he had complied with his obligation under the contract sued upon so that he would be entitled to judgment as a matter of law. In his pleadings appellee says that he offered for sale at the auction all of the property covered by the contract. In his affidavit as well as other summary judgment proof it is evident that he did not offer all of the property for sale.

■ Appellee seeks to avoid the obvious effect of his own noncompliance with the terms of the contract by asserting that appellant's defense is that of failure of consideration and since he did not verify his answer pursuant to Rule 93(j), T.R.C.P., that appellant is foreclosed from asserting the defense. We cannot agree with appellee. While it is true that Rule 93(j), T.R.C.P., provides that a pleading to the effect that a written instrument sued upon is without consideration, or that the consideration for the same has failed, must be verified, it is equally true that a failure to except to the nonverification of a plea of want or failure of consideration constitutes a waiver thereof. Williams v. Bailes, 9 Tex. 61 (1852); Legg v. Morrow, 60 S.W.2d 332 (Tex.Civ.App., Dallas 1933); Exchange Nat. Bank v. Parsons, 116 S.W.2d 817 (Tex.Civ.App., Eastland 1938); Helms v. Day, 215 S.W.2d 356 (Tex.Civ.App., Fort Worth 1948); Ramsey v. Cook, 231 S.W.2d 734 (Tex.Civ.App., Fort Worth 1950); and Rule 90, T.R.C.P. At no time did appellee file exceptions to the nonverification of appellant's plea of want or failure of consideration.

■ Moreover, each of the acts alleged by appellant to constitute a failure of consideration was also affirmatively pled as a breach of the contract. A general denial puts in issue the obligations of the plaintiff that he performed under the contract. 13 Tex.Jur.2d, "Contracts", § 381, p. 661; Agey v. Bryant, 141 S.W.2d 1044 (Tex.Civ.App., Texarkana 1940).

■ Our Supreme Court in Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233 (1957), clearly established the law that mere defects in pleadings of the opposite party will not justify the granting of a summary judgment where the summary judgment evidence presents issues of fact. See also Little v. Buckley, 440 S.W.2d 682 (Tex.Civ.App., Dallas 1969) and Plantation Foods, Inc. v. City of Dallas, 437 S.W.2d 396 (Tex.Civ.App., Dallas 1969); Gonzales v. Texas Employers' Ins. Ass'n, 408 S.W.2d 521 (Tex.Civ.App., Eastland 1966, writ ref'd n. r. e.).

■ We also agree with appellant's Point 3 in which he argues that the summary judgment evidence discloses issues of fact as to whether appellee performed his contract relative to advertising the properties for sale. Sufficient facts are presented which would present the issue of whether or not appellee reasonably or substantially complied with the provision of the contract concerning advertising.

Reversed and remanded.