Robert F. ECHOLS, Jr., Appellant,

v.

Joe M. BLOOM et ux., Appellees.

No. 673.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 27, 1972.

Rehearing Denied Oct. 18, 1972.

Thomas G. Bousquet, R. D. McPherson, Wandel & Bousquet, Houston, for appellant.

Jerry D. Conner, Houston, for appellees.

BARRON, Justice.

This suit was brought by appellant Robert Echols for specific performance of an alleged earnest money contract for the sale of a tract of realty. In a trial before the court judgment was rendered in favor of appellees denying the relief sought. The trial court filed requested findings of fact and conclusions of law. In these the court characterized the instrument in question as a contract containing an "option offer" and it found that (1) the option offer was without valuable consideration and was therefore unenforceable, (2) that the offer of sale was withdrawn prior to acceptance, (3) that the entire instrument was procured by fraudulent representations, (4)

that the parties contracted while operating under a mutual mistake of fact as to the time for execution of the instrument and (5) that the description of the realty to be conveyed was impermissibly vague.

■ Appellant's recourse to this Court seeks to reverse the judgment adverse to him by attacking each of the findings recounted above. We think that the issues of consideration for the option and withdrawal of the offer prior to acceptance are dispositive.

The contract of sale included the following paragraph:

(2) Sellers are to execute this contract as an offer to Buyer and Buyer is to have the right to accept or reject such offer for fourteen (14) days from the date hereof and Seller agrees that such offer shall be irrevocable and shall be binding upon Sellers. If Buyer notifies Sellers within said fourteen (14) day period of Buyer's intention to accept such offer this contract shall be placed with the American Title Company with instructions to proceed forthwith.

This provision embodies a formal offer to sell real estate to appellant, with a concurrent promise by appellees to keep the offer open for two weeks. In other words, two transactions appear—an ordinary offer to sell and a contract not to revoke that offer or to impede performance by conveyance to a third person.

■ It is axiomatic that to be valid and enforceable a contract establishing an option must be supported by consideration. 13 Tex.Jur.2d Contracts Sec. 38 (1960).[1] Often the consideration is, as here, a sum of money to be regarded as a parcel of the total purchase price in the event the option-holder elects to buy. If an option is contained in a contract which itself is supported by a sufficient consideration, no independent consideration for the option it-

self need appear. Colligan v. Smith, 366 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.). However, if no consideration in fact passes, the option giver has power of revocation just as in the case of other revocable offers. Granger Real Estate Exch. v. Anderson, 145 S.W. 262, 264 (Tex.Civ.App.—Austin 1912, no writ), and cases cited; 13 Tex.Jur.2d Contracts Sec. 39 (1960); 1A Corbin, Corbin on Contracts Sec. 263 (1963); 58 Tex.Jur. 2d Vendor and Purchaser Sec. 61 (1964).

■ The instrument presently before us was signed and dated July 11, 1969. By its terms appellant was given the power of accepting appellees' offer for fourteen days thereafter, that is, up to and including July 25, 1969. The only possible consideration for such option is the sum of $500 earnest money recited as deposited with a title company as escrow agent "upon the execution hereof". The record conclusively demonstrates that the $500 was not tendered and accepted until July 25, 1969, the last day of the option period. Thus, for the preceding thirteen days of that period no consideration passed in support of the option agreement. As documented above, the absence of consideration rendered the option unenforceable by appellant during that time period. Although consideration for a contract of sale can serve as consideration for an included option agreement as well, we have found no case involving options within sales contracts which enforced the option and held the offer of sale irrevocable from its inception, where the contract consideration did not pass until the option period was virtually extinguished.

■ Appellant contends that, despite the above, appellees failed to file a verified plea of failure of consideration as required by Tex.R.Civ.P. 93(j). Howver, appellant failed to except to the nonverification of appellees' pleadings and thus waived his

1. Cf. Tex. Bus. & Comm. Code Ann. sec. 2.205 (Tex. UCC 1967), V.T.C.A., dealing with personalty.

objection. Tex.R.Civ.P. 90; Smith v. Walters, 468 S.W.2d 889 (Tex.Civ.App.—Dallas 1971, no writ). It is true that, under Tex.R.Civ.P. 94, failure of consideration must be affirmatively pleaded. We think appellees' first amended answer probably contains a sufficient affirmative plea of failure of consideration. In paragraph I appellees alleged that appellants "in fact, had not deposited such sum ($500)", and in the succeeding paragraph they alleged that, because of false representations that $500 had been paid, appellees "were under the impression that there was consideration for the Contract . . .". Even so, appellant has waived any complaint under Rule 94 by failing to object. Rather, the issue of failure of consideration appears to have been tried by consent. Tex.R.Civ.P. 67.

■ The question remaining is whether appellees effectively revoked their offer of sale prior to acceptance by appellant. It is undisputed that verbal acceptance given to Mrs. Bloom occurred on the evening of July 24, 1969, and that the $500 earnest money was tendered to the title company and accepted the following day. Dr. Bloom stressed that he had decided on the 21st or 22nd not to sell, but had remained silent because he thought the $500 had been paid and he was legally bound by the instrument he had signed. He testified that on the evening of the 24th he told appellant by telephone "I will not hold you to the contract, let's forget about the whole thing." Dr. Bloom repeated these very words when pressed for a more exact recollection.

Appellant testified that he had two telephone conversations with Dr. Bloom on July 24th. During the first call, at approximately 3:00 or 3:30 p. m., appellant allegedly expressed his "intention to go through with the purchase." At approximately 8:00 p. m. Dr. Bloom telephoned to say he would not be attending the meeting the parties had planned at the Bloom house for 8:00 p. m. Appellant, in contravention of Dr. Bloom's testimony, testified that during this telephone conversation he repeated his intention to proceed with the sale and that Dr. Bloom did not indicate a withdrawal of the offer. Dr. Bloom contradicted both of these contentions. From Mrs. Bloom's unchallenged testimony it appears that appellant's verbal acceptance uttered to her occurred subsequent to that later call.

Dr. Bloom's disputed remarks to appellant regarding withdrawal of the offer seemed to communicate sufficiently to appellant that appellees no longer were willing to sell their home. As to whether that disputed revocation preceded appellant's acceptance, the evidence obviously is conflicting. We cannot say that no evidence or insufficient evidence exists in support of the trial court's determination that effective revocation occurred. And, although evidence to the contrary exists, it does not overwhelmingly preponderate against the court's conclusion. The trial court was entitled to discount one party's version of events for another party's account. That function is properly one for a trial court, not for an appellate court.

■ Appellant last argues that appellees should be estopped to revoke their offer. Estoppels are usually of two essential types—(1) estoppel by deed, record or contract and (2) estoppel in pais, or equitable estoppel. Unless the contract has been *fully* executed, estoppel by contract cannot be predicated on an invalid contract. 31 C.J. S. Estoppel § 57 (1964). The option agreement in question was not fully executed in view of the failure to pass consideration. Likewise, proven failure of consideration rendered the option agreement unenforceable and, consequently, it cannot give rise to estoppel by simple contract. Estoppel by contract does not mean that an offeror always will be denied the privilege of revoking his offer simply by virtue of having made that offer. Yet, such is the effect of appellant's argument in his brief. Consideration is still very much a requisite for an option agreement to hold open an offer of sale.

A finding of equitable estoppel requires these elements to have been present: (1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive of those facts, (3) to a party without knowledge, or the means of knowledge, of such facts, (4) with the intention that it should be acted on, and (5) reliance by the party to whom the misrepresentation was made, to that party's detriment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). The record before us is devoid of any hint that appellees misrepresented or concealed any material fact. The only lack of knowledge apparent in the entire affair was the appellees' ignorance of appellant's failure to deposit $500 with the named title company before July 25, 1969.

Inasmuch as no enforceable option agreement was consummated, appellees were empowered to revoke their offer of sale prior to appellant's acceptance. Because we are not disposed to disturb the trial court's finding that no acceptance preceded revocation by Dr. Bloom, the trial court's judgment is affirmed.