GROUP LIFE & HEALTH INSURANCE COMPANY, Appellant,

v.

Opal BROWN, Independent Executrix of Estate of Marie M. Tatom, Deceased, Appellee.

No. 1374.

Court of Civil Appeals of Texas, Tyler.

Dec. 30, 1980.

Grover Russell, Jr., Fairchild, Price & Russell, Center, for appellant.

James Allen Payne, Payne & Lord, Hemphill, for appellee.

MOORE, Justice.

Appellee, Opal Brown, Independent Executor of the Estate of Marie M. Tatom, deceased, instituted this suit against appellant, Group Life and Health Insurance Company, seeking to recover the proceeds in the amount of $2,500.00 under a Group Life Insurance policy issued by the insurance company covering the employees of Hemphill Independent School District. As grounds for a cause of action appellee alleged that the deceased, before her retirement, was covered by the Group Policy and upon her retirement the deceased notified the insurance company, in accordance with the terms of the policy, that she desired to exercise her option to convert the group life insurance to an individual policy; that thereafter the acts and conduct of the insurance company led the deceased to believe that the company had converted the group life insurance policy to an individual policy which the company failed to do; that deceased relied on the company to convert the policy to her detriment in the amount of $2,500.00; and that because of its acts and conduct the company should be estopped to deny coverage under the group life policy. Pleading in the alternative, appellee alleged that the insurance company was guilty of negligence in failing to convert the group life policy to an individual policy and as a result decedent's estate suffered a loss in the amount of $2,500.00. The insurance company answered with a general denial and affirmatively alleged that by its own terms the group life insurance policy automatically terminated on the first of October 1975, one month after the deceased left the employment of the school district and as a result she was not covered by the group policy at the date of her death on December 1, 1976. Trial was before the court sitting with a jury. Pursuant to findings favorable to appellee, the trial court entered judgment in favor of appellee in the amount of $2,500.00 plus interest and attorney's fees, from which the insurance company perfected this appeal.

We reverse and render.

The facts, for the most part, are not in dispute. The evidence shows that Marie M. Tatom was employed as a schoolteacher for Hemphill Independent School District. Defendant, Group Hospital Services, Inc. (Blue Cross) and Group Life and Health Insurance Company (Blue Shield), issued a group hospitalization and life policy to the district agreeing to insure the employees of the school district. While employed by the school district Mrs. Tatom was covered by the hospitalization insurance and was covered by a group life insurance policy in the amount of $5,000.00. Under the terms of the life policy when an employee reached the age of 65, the life insurance coverage was automatically reduced to $2,500.00. The group life insurance policy provided as follows:

ARTICLE VII—TERMINATION OF INDIVIDUAL INSURANCE

A. The insurance on any employee shall automatically terminate immediately upon the earliest of the following dates:

1. The date of termination of his employment with the Employer, or membership in the class or classes eligible for coverage under this Policy;

ARTICLE VIII—CONVERSION PRIVILEGE

A. If the insurance or any portion of it, on a person covered under this Policy ceases because of termination of employment or of membership in the class or classes eligible for coverage under this Policy, and, in the case of a unit of permanent insurance, such person elects to receive the paid-up insurance portion of such unit or its cash value, such person shall be entitled to have issued to him by GLH, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits, provided written application for the individual policy is made, and the first premium thereon paid to GLH, within thirty-one days after such termination, and provided further that,

1. the individual policy shall be on any one of the forms, except term insurance, that shall be selected by the employee from among the forms then customarily issued by GLH at the age and for the amount applied for;

Mrs. Tatom became 65 years of age in September 1975. At the end of the school term in May 1975 Mrs. Tatom notified the school district that she would retire at the end of the school year ending in September 1975, and this information was related to the insurance company. In July 1975 the insurance company sent her a notice that since she was retiring her group policy would expire in September and requested her to check which of three options she would choose in order to keep both her life and hospitalization insurance in force. She made a check mark in the option 1 blank reading: "Transfer to direct pay and be dropped from group coverage." This notice further stated: "If option 1 is selected, Blue Cross—Blue Shield upon receipt of such notification, will send information explaining optional direct pay coverage." The record fails to show whether the insurance company sent the information. In any event, after the insurance company received a copy of this instrument, the company forwarded Mrs. Tatom a new group hospitalization policy No. 61100 which became effective on October 1, 1975, the date her old group policy No. 21175 expired. The policy recited that the monthly premiums were $8.99 per month; however, the premiums were subsequently raised to $11.00. Sometime in November 1975, Mrs. Tatom received a second hospitalization policy which was identical to the first one she received. Attached to the policy was a "Notice of Change in Group Life Insurance" which stated that as of November 1, 1975, the amount of her *group* life insurance would be reduced to $2,500, provided she was then actively at work with the school district. Mrs. Tatom made all premium payments on the hospitalization policy until she died on December 1, 1976. It is undisputed that Mrs. Tatom never received a new life insurance policy. The jury found that Mrs. Tatom never paid any premiums for life insur-

ance after she terminated her employment with the school. Appellee does not challenge this finding.

Insofar as any action Mrs. Tatom took to convert her group life insurance policy to a new life policy, the record is silent except for the testimony of her son who testified that in May or August 1975 he obtained a Blue Cross—Blue Shield card at the school office on which there were two blanks to check to show whether the insured desired to convert the hospitalization or life insurance or both. He testified he checked the box for both life insurance and hospitalization and after his mother signed it he placed it in the mail. A copy of the card was not offered in evidence nor did the witness indicate that the card had any information on it as to the type or amount of insurance desired. The witness offered no testimony showing that the card was properly addressed to the insurance company or that the same was never returned. The insurance company denied that it received such a card.

Gary McClintock, the manager of agency operations for the insurance company, testified that the reason the company did not convert Mrs. Tatom's life insurance policy was because she never made an application for conversion as required by the group policy issued to the school district. He testified that in order for an employee, upon termination of employment, to convert the life insurance policy, it was necessary that a formal application be made showing the type of policy requested, the amount of insurance desired and the name of the beneficiary and be signed by the applicant and that it had to be accepted by the company. Without the formal application containing such information, he testified that it would be impossible for the company to issue a new policy. He exhibited a conversion form used by the company when a policy of life insurance was to be converted. He further testified that although such an application is necessary before the issuance of a life policy that no such form is necessary to convert a hospitalization policy and that the company routinely mailed a hospitalization policy prior to the time an employee

retired. We find nothing whatsoever in the record showing that Mrs. Tatom filled out and signed a conversion application nor is there anything showing she ever advised the company of the type of policy she desired, the amount of coverage she wanted or the name of the beneficiary.

McClintock further testified that had Mrs. Tatom converted her group life insurance to individual life insurance and requested coverage in the amount of $2,500, the premium would have been slightly in excess of $12.00 per month, whereas the premium on the group life policy was only $1.90 per month. He further testified that the company records failed to reflect that the company received an application for life insurance or any premiums for life insurance after Mrs. Tatom terminated her employment with the school district. He acknowledged, however, that the company received the premiums on her hospitalization policy after her retirement until her death.

Appellant contends under points one through six that the trial court erred in submitting special issues Nos. 1, 2, 3, and 4 because there was no evidence to support the submission of such issues and even if there were, such issues were immaterial and not ultimate controlling issues sufficient to form the basis for judgment for appellee.

In response to the above-mentioned issues the jury found (1) that Mrs. Tatom notified the insurance company she wanted to transfer her hospitalization and life insurance policies to direct pay and be dropped from group coverage, (2) that the insurance company did not convert her term life group policy to an individual policy, (3) that the company's failure to convert such insurance to individual coverage was the fault of the insurance company, and (4) that such failure resulted in a loss to decedent's estate (5) in the amount of $2,500.00.

Appellee maintains that the judgment may be supported on the basis of the foregoing findings because they amount to a finding of negligence proximately causing decedent's estate to suffer a loss. In this connection appellee argues once the dece-

dent notified the company that she desired to convert her policy, the company had a duty to issue her an individual life policy, and since the company failed to do so, liability attached on the ground of negligence. We cannot agree with this proposition.

Under the terms of the group life insurance policy, the insured, upon termination of employment, is entitled to convert his group term life policy to a permanent individual policy provided he makes written application for an individual life policy (other than term insurance) within 31 days after termination of his employment. Thus the burden is on the claimant to show that a written application was made for an individual life policy within 31 days after termination. There is no evidence whatsoever in this record that Mrs. Tatom, or anyone on her behalf made a written application to convert her group policy to an individual policy. While there is some evidence that she did notify the company that she desired to exercise her option to "transfer to direct pay and be dropped from group coverage," this notice would certainly not be sufficient to satisfy the requirement that she make a written application explaining the type and amount of coverage she desired so that the amount of the premium could be computed. In the absence of a written application no duty rested upon the insurance company to issue her an individual policy. Where no duty exists no legal liability can arise on account of negligence. 40 Tex.Jur.2d Negligence sec. 5, p. 122. Inasmuch as the insurance company had no duty to issue a new policy in the absence of an application therefor, it follows that the jury's findings to Special Issues Nos. 1, 2, 3, and 4 are immaterial and not controlling and therefore cannot form the basis of a judgment in favor of appellee.

The alternative ground of recovery asserted by appellee is based on estoppel. As we understand her contention, appellee takes the position that the conduct of the insurance company was such as to induce Mrs. Tatom to believe her group term life insurance would continue in effect, and as a result, the company was estopped to deny coverage. In response to Special Issue No. 10, the jury found that (a) the delivery of the health insurance policy and the notice of change in group life insurance or (b) the acceptance of medical premiums by appellant or (c) the failure of appellant to give notice of cancellation, induced Marie Tatom to believe that she had both hospitalization insurance and term life insurance coverage. The jury further found that this induced belief was relied upon by Mrs. Tatom, and as a result of such reliance, she did not take further action to determine if the life insurance policy coverage had been terminated. Although the jury found that the last payment made by Mrs. Tatom for life insurance coverage was for the month of September 1975, appellee made no effort to tender the amount of the delinquent premiums.

Under points of error 7 and 8, the insurance company contends that it was error for the trial court to submit the above-mentioned special issues of estoppel because there was no evidence of probative value to warrant their submission. We conclude that the contention must be sustained.

In order to recover on the basis of equitable estoppel it must be shown: (1) a false representation or concealment of material facts, (2) made with knowledge, actual or constructive of those facts, (3) to a party without knowledge, or the means of knowledge, of such facts, (4) with the intention that it should be acted on, and (5) reliance by the party to whom the representation was made, to that party's detriment. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Echols v. Bloom*, 485 S.W.2d 798 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n. r. e.). The failure of the party asserting estoppel to prove one of the essential elements of estoppel is fatal to the cause of action. *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834 (Tex.1968); *Cattle Feeders, Inc. v. Jordon*, 549 S.W.2d 29 (Tex.Civ.App.—Corpus Christi 1977, no writ).

As we view the record, there is no evidence of probative force showing that appellant's conduct induced Mrs. Tatom to

believe she had life insurance coverage. There is no testimony to that effect. Further, the only evidence offered to show the belief and detrimental reliance of Mrs. Tatom is the last will and testament of Mrs. Tatom which devised the proceeds of the Blue Cross policy to her daughter, Cathy Hutto. The will of Mrs. Tatom was executed on September 26, 1975. At that time, the life insurance policy under the group insurance policy was still effective, since she had paid premiums under the group insurance through September 1975. The appellee offered no evidence which tended to show that the conduct of the insurance company persuaded Mrs. Tatom to believe that she had life insurance after the first of October 1975, the date she ceased to be covered by the group life insurance policy. There was no evidence that Mrs. Tatom believed that the life insurance policy had been extended past October 1, 1975, or that the life insurance policy had been converted from group coverage to direct-pay, individual coverage.

While the will of Mrs. Tatom indicates that she intended to keep her life policy in effect such is not probative evidence of any reliance by Mrs. Tatom upon the conduct of the insurance company. As stated before, the will merely shows that Mrs. Tatom devised the proceeds of the insurance policy while it was still in effect. The appellee produced no evidence which tended to show that Mrs. Tatom failed to take any action on the policy because she relied upon the conduct of appellee. Having failed to produce evidence of an essential element of estoppel, appellee cannot recover on that basis. *Barfield v. Howard M. Smith Co.,* *supra.*

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.