**AMSTAR FINANCIAL CORPORATION,**
**Appellant,**

v.

**IHS 15, LIMITED, Appellee.**

**No. 20572.**

Court of Civil Appeals of Texas,
Dallas.

May 20, 1981.

Rehearing Denied June 24, 1981.

Thomas A. Roberts, Patrick V. Stark, W. Phillip Whitcomb, Dallas, for appellant.

Martin Lowry, Durant, Mankoff, Davis, Wolens & Francis, Dallas, for appellee.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

In this breach of contract case, the trial court rendered summary judgment, awarding the seller $25,000 as liquidated damages against the purchaser for breach of a real estate sales contract. The sole question on appeal is whether the summary judgment evidence is sufficient to establish that no genuine issue exists as to any material fact, and that plaintiff is therefore entitled to judgment as a matter of law. We hold that plaintiff failed to prove all essential elements of its cause of action by summary judgment evidence and thus we reverse and remand.

IHS 15, Limited, a limited partnership, sued Amstar Financial Corporation for breach of a contract to buy real estate, alleging that defendant breached its contract by failing to deposit earnest money in the amount of $25,000 as provided in the contract. Defendant filed a general denial and further answered that the deposit of

$25,000 was a condition precedent which was not met, and thus no binding contract arose between the parties. Plaintiff then filed its motion for summary judgment, alleging that its motion embraced its entire claim against defendant, that no genuine issue existed as to any material fact necessary to establish its right to summary judgment, and that it was entitled to judgment as a matter of law pursuant to the express and unambiguous terms of the contract made the basis of its suit. Plaintiff's motion referred the court to the pleadings, certain admissions of defendant, an affidavit, and pointed out certain provisions of the contract upon which it relied. Defendant answered plaintiff's motion, alleging that plaintiff failed to perform its obligations under the contract.

Tex.R.Civ.P. 166–A, as amended, effective January 1, 1978, provides that, "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, . . . show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Under the rule, as amended, the movant has the burden of establishing his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action.

In its answer to the summary judgment, the non-movant must expressly present any affirmative defenses which it may have to the summary judgment or those defenses are waived and may not be urged for the first time on appeal. *Gulf, Colorado & Sante Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958). However, should the movant fail to conclusively establish all essential elements of its cause of action by its summary judgment proof, then the non-movant, whether having answered the motion or not, may complain for the first time on appeal of the legal insufficiency of the summary judgment evidence to conclusively prove all essential elements of movant's cause of action. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979).

Defendant's general denial to this suit on a contract is sufficient to put in issue plaintiff's performance under the contract. *Smith v. Walters*, 468 S.W.2d 889 (Tex.Civ.App.—Dallas 1971, no writ); *Agey v. Bryant*, 141 S.W.2d 1044 (Tex.Civ.App.—Texarkana 1940, writ dism'd judgmt. cor.). In the absence of movant's allegation and proof of performance, the essential elements of movant's cause of action have not been conclusively established. *City of Houston v. Clear Creek Basin Authority, supra.* The contract in question obligates plaintiff to furnish numerous documents to defendant for its inspection no later than fifteen days from the date of the contract. The documents include, but are not limited to the following: a survey, title commitment, copies of all tenant leases in effect, tax receipts for 1978, management contracts, maintenance and repair contracts, service and supply contracts, copies of notes and deeds of trust as to the property's encumbrance, schedules of insurance, rent rolls, terms of lease, security deposits, inventory of personal property and fixtures, utility bills, and others not mentioned, which we consider material to defendant's consideration. The summary judgment proof offered by plaintiff was silent as to its performance of these obligations; thus, plaintiff's summary judgment proof was legally insufficient to prove all of the essential elements of its cause of action.

Reversed and remanded.