AUTOMAKER, INC. and U.S. Modular, Inc., Appellants,

v.

C.C.R.T. COMPANY, LTD.; USA Factors and Financial Services Company; 1911 Financial Services, Inc.; Howard B. Chapman; Richard B. Cole; Glen C. Runnels; and Richard B. Tribe, Appellees.

AUTOMAKER, INC.; U.S. Modular, Inc.; and Daniel H. Stinger, Appellants,

v.

USA FACTORS AND FINANCIAL SERVICES COMPANY; 1911 Financial Services, Inc.; Howard B. Chapman; Richard B. Cole; Glen C. Runnels; Richard B. Tribe; and C.C.R.T. Company, Ltd., Appellees.

Nos. 01–95–00893–CV, 01–95–01223–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1998.

Published in Part Pursuant to Tex. R. App. P. 90.

Mike O'Brien, John O'Quinn, Houston, for Appellants.

J. Douglas Sutter, Charles W. Kelly, Houston, for Appellees.

Before SCHNEIDER, C.J., and ANDELL and NUCHIA, JJ.

## OPINION

SCHNEIDER, Chief Justice.

We consider whether a nonmovant for summary judgment can amend its pleadings after the trial court has rendered a final summary judgment. We conclude it cannot.

### Facts

Appellants Automaker, Inc. and U.S. Modular, Inc. sued appellees USA Factors and Financial Services Company, C.C.R.T. Company, Ltd., 1911 Financial Services, Inc., Howard B. Chapman, Glen C. Runnels, Richard B. Tribe, and Richard B. Cole in Fort Bend County over a financial agreement between the parties. The parties eventually settled this initial lawsuit. Automaker, U.S. Modular, and appellant Daniel H. Stinger later filed a third-party action against USA

Factors, C.C.R.T., 1911 Financial, Chapman, Runnels, Tribe, and Cole in Harris County. The third-party action initially included claims for usury, breach of the duty of good faith and fair dealing, negligence, and gross negligence.

USA Factors, C.C.R.T., 1911 Financial, Chapman, Runnels, Tribe, and Cole filed a motion for summary judgment based on res judicata, release, estoppel, and lack of individual liability of Chapman, Runnels, Tribe, and Cole. On October 14, 1994, the trial court heard the motion, and it rendered and signed a general summary judgment on November 11, 1994.[1] The day before the trial court rendered summary judgment, Automaker, U.S. Modular, and Stinger filed an amended third-party action, adding a claim for breach of the settlement and compromise agreement that ended the Fort Bend County lawsuit. Although Automaker, U.S. Modular, and Stinger did not file a motion requesting leave of court to file their amended pleading, the trial court on February 21, 1995 signed an "Order Granting Leave to File Late Response to C.C.R.T.'s Motion for Summary Judgment."[2] The trial court signed the order on the last day the court possessed plenary power. *See* TEX.R. CIV. P. 329b(e).

## Discussion

In points of error one and two, Automaker, U.S. Modular, and Stinger contend the trial court erred in rendering a summary judgment because their amended pleadings raised additional causes of action not addressed by the motion for summary judgment. We disagree.

■ It is well-settled summary judgment law that if a nonmovant for summary judgment (1) files an amended pleading *after* the summary judgment hearing and (2) the amended pleading raises an additional claim not mentioned in the summary judgment motion, then the trial court does not err in granting the summary judgment motion because "the pleadings ... on file *at the time of the hearing*, or filed thereafter and before judgment with permission of the court, show ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX.R. CIV. P. 166a(c) (emphasis added); *see* TEX.R. CIV. P. 63; *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ); *West Tex. Gas, Inc. v. 297 Gas Co.*, 864 S.W.2d 681, 685 (Tex.App.—Amarillo 1993, no writ); *Leinen v. Buffington's Bayou City Serv. Co.*, 824 S.W.2d 682, 685 (Tex.App.—Houston [14th Dist.] 1992, no writ). A nonmovant must secure the court's permission if it files the amended pleading *after* the summary judgment hearing. *Leinen*, 824 S.W.2d at 685; *cf. Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988) (if amended pleading filed *before* summary judgment hearing and within seven days of hearing, trial court presumed to have given permission to file).

■ In this appeal, even if we were to interpret the trial court's February 21, 1995

1. The summary judgment order reads in part:

On October 14, 1994, came on for hearing [USA Factors, C.C.R.T., 1911 Financial, Chapman, Runnels, Tribe, and Cole's] Motion for Summary Judgment, and the Court, having considered the pleadings, evidence, and arguments of counsel, is of the opinion that the motion is meritorious and should be **GRANTED**; it is therefore;

**ORDERED** that [USA Factors, C.C.R.T., 1911 Financial, Chapman, Runnels, Tribe, and Cole's] Motion for Summary Judgment is **GRANTED** in all respects....

2. The order reads in part:

Order Granting Leave to
File Late Response to C.C.R.T.'S
Motion for Summary Judgment

On the 11th day of November, 1994, the court considered [Automaker and U.S. Modular's] motion for leave to file their response to [USA Factors, C.C.R.T., 1911 Financial, Chapman, Runnels, Tribe, and Cole's] motion for summary judgment. After considering the pleadings, the motion, the response, affidavits, and other evidence on file, the Court GRANTS [Automaker and U.S. Modular's] motion.

It is ORDERED that Automaker's, (et al) *First Amended Cross–Action* and Supplemental Response *be filed* and deemed a timely response to C.C.R.T. Company's, (et al) Motion for Summary Judgment pursuant to Rule 166a of the Texas Rules of Civil Procedure.

(Emphasis added.) Nothing in this order indicates that on judgment day (November 11, 1994) the court was considering a motion requesting leave to file the first amended cross-action.

order as granting leave to file an amended pleading, the order would be ineffective because rule 166a provides that the amended pleadings must be filed *before* judgment *with* permission of the court. *See Hussong,* 896 S.W.2d at 323. Here the trial court did not grant permission to file the amended pleadings until *after* it rendered judgment. A trial court cannot grant a motion to amend the pleadings once the trial court renders judgment. *Texas Gen. Indem. Co. v. Ellis,* 888 S.W.2d 830, 831–32 (Tex.App.—Tyler 1994, no writ); *Boarder to Boarder Trucking, Inc. v. Mondi, Inc.,* 831 S.W.2d 495, 498–99 (Tex.App.—Corpus Christi 1992, no writ); *Briercroft Serv. Corp. v. Perez,* 820 S.W.2d 813, 818 (Tex.App.—Corpus Christi 1990), *aff'd in part, rev'd in part on other grounds,* 809 S.W.2d 216 (Tex.1991); *Morris v. Hargrove,* 351 S.W.2d 666, 668 (Tex.Civ.App.—Austin 1961, writ ref'd n.r.e.); *see Merckling v. Curtis,* 911 S.W.2d 759, 771 (Tex.App.—Houston [1st Dist.] 1995, writ denied) ("A party, upon leave of court, may amend its pleadings to include issues tried by consent at any time up to the submission of the case to the court or jury . . . .") (citing TEX.R. CIV. P. 67).

■ The rendition of judgment is obviously a significant event in the life of a lawsuit. If an adversely affected party seeks to set aside or modify that judgment, it should do so openly by filing a motion for new trial or a request to modify, correct, or reform the judgment. Public policy concerns favoring the finality of judgments counsel against allowing a party to set aside a judgment covertly, *e.g.,* by a postjudgment motion requesting permission to file amended pleadings. Accordingly, we conclude the trial court did not err in rendering summary judgment when the nonmovants did not timely file amended pleadings and did not obtain the trial court's prejudgment permission to file the untimely amended pleadings.

We overrule points of error one and two. The discussion of the remaining points of error does not meet the criteria for publication set forth in Texas Rule of Appellate Procedure 47.4. Accordingly, the remainder of the opinion is not designated for publication.

We *affirm* the judgments of the trial courts.