Affirmed as Modified and Memorandum Majority and Concurring Opinions
filed December 21, 2004









Affirmed as Modified and Memorandum Majority and Concurring
Opinions filed December 21, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00633-CV

_______________

 

ROBERT C. REEVES, JR.,
Appellant

 

V.

 

MEMORIAL
TERRACE, LTD., EDE I. NEMETI,

ARPAD DOMYAN, KATHERINE DOMYAN,

SPASCO, LTD., AND LEFT BK, L.P., Appellees

____________________________________________________________

 

On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 01‑10100

____________________________________________________________

 

M E M O R A N D U M  
C O N C U R R I N G   O P I N I O
N

 








I
respectfully concur in the court=s judgment.  I write separately to address two aspects of
the case not mentioned in the majority opinion: (1) the unusual characteristics
of the agreement in question and (2) the inapplicability of the Goswami presumption[1]
to the buyer=s pleading amendments.  

The Parties= Agreement

The
parties= written agreement for the sale of
land contained no recitation of consideration. 
Although the form used by the parties provided a blank for the parties
to write in an amount of independent consideration for the buyer=s right to terminate the earnest
money contract for any reason within thirty days, the parties put A$0.00@ in this blank.  Furthermore, the contract contains no
consideration for the eleven-day period in which the buyer (Robert C. Reeves)
could deposit the earnest money.  As the
majority points out, it is undisputed that the buyer did not deposit any
earnest money.

The
preprinted form contract provided the sellers with the following remedies if
the buyer failed to comply with the parties= agreement: (1) the right to enforce
specific performance or seek other relief as may be provided by law or both;
and (2) the right to terminate the agreement and receive the earnest money as
liquidated damages, thereby releasing the parties from the agreement.  The parties, however, deleted the first item,
leaving the sellers with only one remedy for the buyer=s failure to comply C the earnest money as liquidated
damages.








Based
on the unusual language of this agreement, the majority correctly holds that the
agreement is unenforceable due to a lack of consideration and mutuality.  See Culbertson v. Brodsky, 788 S.W.2d
156, 157 (Tex. App.CFort Worth 1990, writ denied) (holding that contract of sale
for real estate was unenforceable for lack of consideration because there was
no separate consideration for buyer=s right, in his sole discretion
during a 60-day period, to terminate and receive a full return of his earnest
money, with neither party having any continuing obligation to the other); Hott
v. Pearcy/Christon, Inc., 663 S.W.2d 851, 853B54 (Tex. App.CDallas 1983, writ ref=d n.r.e.) (holding that, because the
parties= agreement limited seller=s remedy for buyer=s breach to recovery of earnest
money, the agreement was unenforceable for lack of consideration at least until
the buyer deposited the earnest money and that, because the seller revoked the
gratuitous option before the buyer tendered the earnest money, there was no
enforceable contract); Echols v. Bloom, 485 S.W.2d 798, 800 (Tex. Civ.
App.CHouston [14th Dist.] 1972, writ ref=d n.r.e.) (holding that agreement was
unenforceable for lack of consideration because seller terminated before buyer
tendered earnest money and because there was no separate consideration for
14-day period during which buyer could decide whether buyer wanted to go
through with the transaction).  The trial
court did not err in granting summary judgment for the sellers.

Inapplicability of the Goswami Presumption








Additionally,
the majority correctly holds that the trial court did not err in granting a
final summary judgment even though the sellers= motion for summary judgment did not
address the new claims added by the buyer in his fifth amended petition, after
the summary-judgment hearing.  The
summary-judgment rule itself provides some support for this holding, but beyond
that the buyer invokes the Texas Supreme Court=s holding in Goswami to argue
that these newly added claims were properly before the trial court and thus the
court could not have disposed of them when they were not addressed in the
sellers= summary-judgment motion.  See Goswami v. Metro. Sav. & Loan Ass=n, 751 S.W.2d 487, 490 (Tex. 1988).  In Goswami, our high court held that,
despite the clear language of Texas Rule of Civil Procedure 63 requiring leave
of court for late-filed pleadings, leave of court will be presumed if (1) the
record is silent of any basis to conclude that the trial court did not consider
this pleading; and (2) the opposing party does not show surprise or prejudice.  Goswami, however, is not without
limits. It does not apply in cases, such as this one, in which the late-filed
pleading is filed after the summary-judgment hearing.  See Automaker, Inc. v. C.C.R.T. Co.,
976 S.W.2d 744, 745 (Tex. App.CHouston [1st Dist.] 1998, no pet.); Leinen v. Buffington=s Bayou City Serv. Co., 824 S.W.2d 682, 685 (Tex. App.CHouston [14th Dist.] 1992, no
writ).  Given the buyer=s failure to obtain leave of court,
the trial court did not err in granting summary judgment despite the buyer=s filing of the fifth amended
petition after the summary-judgment hearing. 
See Automaker, Inc., 976 S.W.2d at 745; Leinen, 824
S.W.2d at 685.  Accordingly, the majority
correctly overrules this challenge to the trial court=s judgment.

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Majority and
Concurring Opinions filed December 21, 2004.

 

Panel consists of Justices Edelman, Frost, and Guzman.  (Edelman, J., majority.)

 

 











[1]           See
Goswami v. Metro. Sav. & Loan Ass=n, 751 S.W.2d 487, 490 (Tex. 1988) (holding that,
notwithstanding provision of Texas Rule of Civil Procedure 63 requiring leave
of court for late-filed pleadings, leave of court will be presumed if (1) the
record is silent of any basis to conclude that the trial court did not consider
this pleading; and (2) the opposing party does not show surprise or prejudice).