**Opinion issued October 11, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00952-CV

———————————

**STEVEN D. CATHCART, Appellant**

**V.**

**ROBERT R. SCOTT, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 0860427**

---

**MEMORANDUM OPINION**

Appellant Stephen Duane Cathcart appeals the trial court's summary judgment in favor of appellee Robert Scott on Cathcart's legal-malpractice claim

against Scott related to Scott's representation of Cathcart in a prior criminal proceeding. We affirm.

### A. The Criminal Proceedings

Cathcart was charged with aggravated robbery as a habitual offender, which carries a potential sentence of 25 to 99 years. Scott was appointed to defend Cathcart. Scott negotiated a plea agreement in which the State reduced the charge to second-degree felony robbery. Cathcart then pleaded guilty and received a sentence of 12 years' confinement. In that plea agreement, Cathcart "signed a stipulation of evidence" and expressly "waive[d] any right of appeal which I may have should the court accept the foregoing plea bargain." *Cathcart v. State*, No. 01-07-01026-CR, 2008 WL 5178908, at *1 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, pet ref'd).

Cathcart appealed his conviction resulting from the guilty plea to this Court. We determined that we lacked jurisdiction and dismissed the appeal based on Cathcart's waiver of his appellate rights as part of the plea agreement with the State. *Id*. Cathcart then filed a writ of habeas corpus arguing that "he received ineffective assistance of counsel, that his plea was involuntary, and that his plea was 'unlawfully induced.'" *Ex Parte Cathcart*, No. WR-32594-04, 2010 WL 1910305, at *1 (Tex. Crim. App. May 12, 2010). The trial court "signed findings of fact and conclusions of law recommending that relief be denied." *Id*. The Court

2

of Criminal Appeals "undert[ook] an independent review of all the evidence in the record" and "agree[d] that relief should be denied." *Id*.

**B. The Underlying Proceedings**

Cathcart then filed the underlying civil suit against Scott alleging that he was damaged by Scott's refusal to withdraw as Cathcart's criminal defense attorney when Cathcart requested he do so.

Scott moved for summary judgment twice, contending that he breached no duty to Cathcart. After his first motion was denied, Scott added evidentiary support to his motion. He cited the statute requiring appointed counsel to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record." TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (Vernon Supp. 2011). In support of his factual assertion that, despite Cathcart's dissatisfaction with him, the trial judge "denied Mr. Cathcart's request to fire Mr. Scott and had Mr. Scott continue to work on Mr. Cathcart's case," he attached an affidavit from the trial court judge that presided over the criminal proceedings. That affidavit confirmed that Scott was not permitted to withdraw as Cathcart's counsel.

In response, Cathcart argued that the trial judge's affidavit is not sufficient to support Scott's summary judgment because he was not given the opportunity to

cross-examine judge. He also reiterated the view that his guilt or innocence was irrelevant to causation in his malpractice claim because he was complaining about Scott's failure to withdraw pre-trial.

On September 30, 2010, the trial court signed a final summary judgment in Scott's favor, and Cathcart brought this appeal.

## STANDARD OF REVIEW

A traditional summary judgment is proper when a movant establishes there is no genuine issue of material fact and is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action or if it conclusively establishes all elements of an affirmative defense. *Johnson*, 891 S.W.2d at 644.

When reviewing summary judgment, all evidence favorable to the non-movant is taken as true and the trial court's summary judgment is reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## ISSUES ON APPEAL

Cathcart raises three points of error on appeal:

(1)  "Appellee's Amended Motion for Summary Judgment was untimely filed"

4

(2)  "The Appellant asserts the concepts of collateral estoppels, law of case, and/or stare decisis"; and

(3)  "Genuine issues of fact exist in this case, therefore summary judgment was improper."

## DISCUSSION

**Timeliness of Summary Judgment**

In Cathcart's first issue, he complains that the Scott's First Amended Motion for Summary Judgment was untimely filed because it was filed a year after the trial court signed an order denying Scott's original motion for summary judgment. He cites Texas Rules of Civil Procedure 166a(c)'s admonishment that a "trial court cannot grant a motion to amend the pleading once the court renders judgment," and that the record here does not indicate whether the trial court granted leave to file an amendment. *See Automaker Inc. v. C.C.R.T. Co.*, 976 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

A final judgment was not rendered when the trial court *denied* Scott's original motion for summary judgment, and Scott's second motion for summary judgment was not an amended pleading after the trial court rendered judgment, but rather another motion for summary judgment with supporting affidavits. Scott gave adequate notice of the hearing date of this summary judgment motion, and no

5

rule requires leave to file successive summary judgment motions.[1]  Cathcart thus has not established that Scott's second summary judgment motion was untimely. We overrule Cathcart's first issue.

**Collateral Estoppel Claim**

In Cathcart's second issue, he contends that the concepts of collateral estoppel, law of the case, or stare decisis precluded the trial court granting Scott's second summary-judgment motion.  The crux of Cathcart's argument appears to be that because the "trial court rejected his argument in the original motion for summary judgment," it was improper for the court to grant later grant summary judgment on the same ground.  Scott responds that these concepts do not render the trial court's order erroneous.

The denial of a summary judgment is interlocutory in nature and not a final judgment; therefore, "a motion for summary judgment may be reurged in the district court after its denial." *McCartney v. May*, 50 S.W.3d 599, 604 (Tex. App.—Amarillo 2001, no pet.) (citing *Vills. of Greenbriar v. Torres*, 874 S.W.2d

---

[1]     Although it was labeled an "amended" motion for summary judgment, Scott's earlier motion had been denied, rendering the second filed motion a successive one. *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex.1999) ("[W]e look to the substance of a motion to determine the relief sought, not merely to its title."); *see also In re Bokeloh*, 21 S.W.3d 784, 789 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("[W]e recognize that the substance of a motion, not its title, determines the relief sought.").

259, 262 (Tex. App.—Houston [1st Dist.] 1994, writ denied)). Additionally, "Texas Rules of Civil Procedure 166a does not limit the number of times a motion for summary judgment may be filed." *McCartney*, 50 S.W.3d at 604. Because the denial of a summary judgment is not a final judgment, the concepts of collateral estoppel, law of the case, and stare decisis do not apply here to prohibit the trial court from granting a second motion for summary judgment on a ground rejected earlier. We overrule Cathcart's second issue.

**Legal Malpractice Claim**

In his third issue, Cathcart complains that the trial court erred by granting summary judgment on the merits because fact issues exist. Specifically, Cathcart contends Scott breached a fiduciary duty owed to Cathcart and that Scott was negligent. Scott responds that these claims essentially amount to a claim for legal malpractice, which he defeated as a matter of law.

In *Poledore v. Fraley*, an inmate filed a civil suit against his court-appointed attorney who represented him in his criminal case and raised various claims, including breach of fiduciary duty and negligence. No. 01-09-000658-CV, 2010 WL 3928516, at *3 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, pet. denied). This Court in *Poledore* determined that the appellant's claims were actually claims for professional negligence. *Id.* "Claims resting on allegations of an attorney's erroneous legal opinion or legal advice, delay or neglect in handling a matter

7

entrusted to the attorney's care, or failing to use ordinary care in preparing, managing, and prosecuting a case constitute professional negligence, not fraud, breach of contract, or breach of fiduciary duty." *Id.* at \*4.

Similar to *Poledore*, Cathcart is essentially asserting a legal malpractice claim because his claims of negligence and breach of fiduciary duty allegedly arises from "bad legal advice or improper representation." *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App—Houston [1st Dist.] 1998, pet. denied). We thus examine whether a fact issue exists for Cathcart's claim under the elements of legal malpractice.

To recover on a legal malpractice claim, the plaintiff must prove (1) the attorney owed a duty to the plaintiff; (2) attorney breached that duty; (3) the breach proximately caused plaintiff's injuries; and (4) damages occurred. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). Cathcart contends that Scott had a duty to withdraw from the case when Cathcart chose to terminate their legal relationship, and that he breached this duty when he did not withdraw.

An appointed attorney should "represent the defendant until the charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record. . . ." TEX. CRIM. PROC. CODE ANN. art. 26.04(j)(2). Additionally, the trial court "has discretion to determine whether

8

counsel should be allowed to withdraw from case," and it has no duty to search for counsel that is agreeable to the defendant. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Moreover, "personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal." *Id.*

Here, Cathcart requested that the trail court order Scott to withdraw from the case and Cathcart claims that Scott had the duty to withdraw; however, it was up to the trial court to determine whether Scott could withdraw from the case. *See id.* The trial court refused to allow Scott to withdraw, as she saw no legal reason to do so. The trial court's decision was consistent with the Court of Criminal Appeals' recognition that such tension is not considered to be "good cause" for termination. *See King*, 29 S.W.3d at 566.

As a matter of law, Scott did not breach any duty to withdraw from the case because Scott made it known to the trial judge that he wished to withdraw, but the trial judge refused to allow him to do so. Scott's failure to withdraw pre-trial, therefore, was not legal malpractice.

Cathcart further contends that, because no hearing regarding withdrawal of counsel was held nor any of the proceedings recorded, a fact issue exists that precludes summary judgment. No formal hearing or record is required, however, when an attorney requests to withdraw from a case. TEX. R. CIV. P. 10.

Additionally, Cathcart argues he is entitled to cross-examine the criminal trial court judge because there was no hearing regarding withdrawal of counsel in the record, and the trial court's affidavit is contradicted. Cathcart did not respond with any evidence contradicting the averments in the criminal trial judge's affidavit; therefore, summary judgment could properly be granted on that uncontradicted evidence.[2] We overrule Cathcart's third issue.

## CONCLUSION

We hold that Scott's First Amended Motion for Summary Judgment was timely filed and that the trial court correctly granted summary judgment in favor of Scott on Cathcart's legal-malpractice claim. We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[2] Because summary judgment was properly granted on the ground that Scott did not refuse to withdraw when requested by Cathcart, we need not reach Scott's argument that the court's summary judgment could also be affirmed on the alternative ground that the causation element of Cathcart's malpractice claim is defeated as a matter of law because Cathcart "has not been exonerated on direct appeal, through post-conviction relief, or otherwise." *Peeler*, 909 S.W.2d at 497–98.