Elliot **PRATER** and Sherrie Prater, Appellants,

v.

**STATE FARM LLOYDS** and Jeff Lang, Appellees.

No. 05–06–00123–CV.

Court of Appeals of Texas, Dallas.

March 16, 2007.

Stephen W. Boyd, Boyd, Grisham & Holland, P.L.L.C., Dallas, for Appellant.

Melinda R. Burke, Joseph W. Spence, Shannon, Gracey, Ratliff & Miller, L.L.P., Randall Earl Betty, Fort Worth, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment in a lawsuit Elliot and Sherrie Prater filed against State Farm Lloyds and Jeff Lang. In two issues, appellants contend the trial court abused its discretion in denying their motion to compel arbitration and in dismissing their second amended petition asserting a breach of contract claim against State Farm for violations of the arbitration agreement. For the reasons that follow, we affirm the trial court's judgment.

This case arises from an insurance coverage dispute with respect to damages allegedly caused by plumbing leaks. Appellants filed insurance claims with State Farm in 2000 and 2002, both of which were denied. Appellants filed this lawsuit after a scheduled arbitration failed to take place because the parties disagreed about which claims were covered by the arbitration agreement.[1] Approximately eleven months after the original petition was filed, State Farm filed two motions for summary judgment, which the trial court heard on July 22, 2005. After the summary judgment hearing, but before the trial court's ruling, appellants filed a motion to compel arbitration. A hearing was held on appellants' motion to compel. The trial court then signed orders denying the motion to compel and granting summary judgment in favor of State Farm. A final order was signed on October 31, 2005.[2] This appeal followed.

In their first issue, appellants challenge the trial court's denial of their motion to compel arbitration. Appellants argue that because there was evidence that an arbitration agreement existed covering all disputes between the parties and State Farm refused to arbitrate appellants' 2000 claim, the trial court necessarily abused its discretion in denying their motion to compel arbitration. Appellees respond that appellants have failed to address on appeal State Farm's argument in the trial court below that appellants waived their right to arbitration under the agreement. Thus, they argue, we are required to affirm the trial court's denial of the motion to compel arbitration. We agree with appellees.

At the hearing on appellants' motion to compel arbitration, appellees presented the following evidence. It was on the date of the scheduled arbitration that State Farm first learned appellants desired to arbitrate their 2000 claim in addition to their 2002 claim. Appellants refused to proceed with the arbitration unless the 2000 claim was included. After State Farm indicated it would not arbitrate the 2000 claim, appellants filed this lawsuit. Appellees then engaged in substantial discovery. They incurred over $40,000 in legal fees and additional expenses related to depositions and expert fees. At the conclusion of the hearing, the trial court denied appellants' motion to compel arbitration on the stated ground that the remedy of arbitration had been waived.

When a separate and independent ground that supports a ruling is not chal-

1. Although the parties agreed the arbitration agreement covered appellants' 2002 claim, they disagreed whether appellants' 2000 claim was subject to the arbitration agreement.

2. The final order incorporated the trial court's previous summary judgment ruling and dismissed appellants' claims against Jeff Lang for want of prosecution. On appeal appellants do not challenge the trial court's judgment with respect to Jeff Lang.

lenged on appeal, we must affirm the lower court's ruling. *See Long v. Long,* 196 S.W.3d 460, 468 (Tex.App.-Dallas 2006, no pet.). A finding that appellants waived their right to arbitration is a separate and independent ground supporting the trial court's denial of appellants' motion to compel. Appellants have not challenged this ground on appeal. Accordingly, we conclude they have not shown reversible error. We resolve the first issue against appellants.

In their second issue, appellants assert the trial court erred in dismissing their second amended petition that asserted a breach of contract action against State Farm for violations of the arbitration agreement. In five sentences of analysis, appellants argue the court could not dismiss their breach of contract claim based on the arbitration agreement because State Farm never moved for such relief. We first note that, contrary to appellant's contention, the trial court did not dismiss their second amended petition. Rather, the trial court's final judgment states, "To the extent [appellants' second amended petition] adds anything new, it is untimely and should be treated as a nullity."

Rule 166a(c) provides that the trial court should render summary judgment based on the pleadings on file at the time of the hearing. Tex.R.App. P. 166a(c). Once the hearing date on the motion for summary judgment has passed, but before the court signs a judgment, a party must obtain a written order from the trial court granting permission to file an amended pleading. *Id.* A trial court cannot grant a motion to amend the pleadings once the court renders judgment. *Denman v. Citgo Pipeline Co.,* 123 S.W.3d 728, 735 (Tex. App.-Texarkana 2003, no pet.); *Automaker, Inc. v. C.C.R.T. Co.,* 976 S.W.2d 744, 746 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Here, appellants did not file their second amended petition until after the trial court had signed an order granting State Farm a take-nothing summary judgment. Because appellants' breach of contract claim based on the arbitration agreement was not on file at the time of the summary hearing and not filed before judgment with permission of the court, the trial court did not err in refusing to consider it. We resolve appellants' second issue against them.

We affirm the trial court's judgment.