**Affirm and Opinion Filed April 15, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01130-CV

### CARLOS A.L. VAUGHN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-11-13686-C

# MEMORANDUM OPINION

Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice FitzGerald

Appellant Carlos A.L. Vaughn, an inmate in the Texas prison system, filed a pro se petition in which he challenged the constitutionality of section 19.03(a)(3) of the Texas Penal Code on several grounds including vagueness and overbreadth.[1] The sole defendant, the State of Texas, moved to dismiss the case as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code. The trial court granted the motion to dismiss without specifying its reasons. We affirm.

---

[1] Among other things, section 19.03(a)(3) makes "murder for remuneration" capital murder. *See* TEX. PENAL CODE ANN. § 19.03(a)(3) (West Supp. 2013). In his petition, appellant avers that section 19.03(a)(3) has been applied to him. *See Vaughn v. State*, No. 05-97-01962-CR, 2000 WL 688249 (Tex. App.—Dallas May 23, 2000, pet. ref'd) (not designated for publication) (affirming capital-murder conviction of Carlos Ali Ledon Vaughn under section 19.03(a)(3)).

In its motion to dismiss, the State sought dismissal on several independent grounds. First, the State argued that the case should be dismissed because appellant's claims are subject to the grievance system referenced in section 14.005(a) of the civil practice and remedies code and appellant did not file the grievance-related documents required by sections 14.005(a)(1) and 14.005(a)(2). Next, the State argued that the case should be dismissed because appellant failed to comply with section 14.004, which required him to file a list of certain other actions that he had previously filed pro se, including the operative facts upon which he sought relief in each case.[2] And the State argued that appellant's suit was frivolous on the merits because it lacked an arguable basis in law.

In a single issue on appeal, appellant contends that the trial judge abused his discretion by dismissing appellant's suit. Appellant's argument consists of an assertion that his claims have an arguable basis in law and in fact, followed by a repetition of the theories he pleaded in the trial court. For example, he complains that section 19.03(a)(3) is vague on its face because it does not give fair notice of conduct it proscribes. He also asserts that section 19.03(a)(3) impermissibly "chills" the exercise of liberties guaranteed by the United States Constitution and that the courts have judicially rewritten the statute in violation of the separation of powers.

Appellant fails to address or even mention two independent grounds for dismissal that the State raised in the trial court: appellant's failure to comply with section 14.004 and his failure to comply with section 14.005. This is fatal to his appeal. "An appellant must attack all independent bases or grounds that fully support a complained of ruling or judgment. . . . If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of that unchallenged

---

[2] It appears that appellant has previously lost an appeal because of his failure to comply with section 14.004. *See Vaughn v. Hicks*, No. 14-08-00726-CV, 2009 WL 1057879 (Tex. App.—Houston [14th Dist.] Apr. 16, 2009, pet. denied) (mem. op.).

independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.) (citations omitted); *accord Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.) ("When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling."); *cf. Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.—Dallas 2005, no pet.) ("[A] reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.").

Because appellant has not challenged every independent ground supporting the judgment of dismissal, we affirm the trial court's judgment.


121130F.P05

/Kerry P. FitzGerald/
_____
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARLOS A.L. VAUGHN, Appellant

No. 05-12-01130-CV        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-13686-C.
Opinion delivered by Justice FitzGerald.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the State of Texas recover its costs of this appeal from appellant Carlos A.L. Vaughn.

Judgment entered April 15, 2014

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE