**Affirmed and Opinion Filed November 20, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01409-CV

**JEFF WRIGHT, INDIVIDUALLY AND D/B/A HILL TIRE COMPANY, Appellant**
**V.**
**GATEWAY TIRE OF TEXAS, INC., Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-02515-B**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice FitzGerald

Appellee Gateway Tire of Texas, Inc. sued appellant Jeff Wright, individually and d/b/a

Hill Tire Company, on a guaranty. The trial judge granted summary judgment in favor of

appellee. We affirm.

### I. BACKGROUND

Appellee alleged the following facts in its live petition in the trial court. On or about

April 27, 2011, appellant signed a guaranty (contained within a credit application) in which he

personally guaranteed payment of all indebtedness created by or credit granted to Hill Tire

Company. Appellee attached a copy of the guaranty to its petition. Appellee further alleged that

it supplied goods to Hill Tire Company in consideration of Hill Tire Company's promise to pay

the purchase price for those goods. Appellee attached to its petition records purporting to show

that Hill Tire Company owed appellee $25,631.19 as of April 22, 2013. Appellee also attached the affidavit of Sid Heatly purporting to prove appellee's claim as a sworn account within the description of Texas Rule of Civil Procedure 185. Appellant, proceeding pro se, answered with an unverified general denial.

Appellee filed a motion for summary judgment, contending that it had satisfied the requirements of Rule 185 and that appellee had failed to respond with a verified denial as required by that rule. Appellee requested judgment in the amount of $25,631.19 plus attorney's fees.

Appellant filed a summary-judgment response and then timely filed an amended summary-judgment response. His sole argument in his amended summary-judgment response was that his signature on the guaranty was a forgery. He supported his summary-judgment response with his own affidavit in which he denied signing the April 27, 2011 guaranty.

The trial judge signed a summary judgment awarding appellee the damages and attorney's fees it had requested in its summary-judgment motion. Appellant timely filed a motion for new trial and simultaneously filed a first amended answer that contained some verified denials of certain facts. The motion for new trial included a request for leave to file the first amended answer. The docket sheet indicates that the trial judge held a hearing on the motion for new trial and denied it by written order, but those matters are not otherwise a part of the appellate record. Appellant timely filed his notice of appeal.

## II. ANALYSIS

Although appellant's pro se brief lacks a separate statement of the issues or points presented, we can readily discern his points from his argument and will not require appellant to rebrief.[1] He presents the following points:

1. Summary judgment was improper because appellant's affidavit raised a fact issue that his signature on the guaranty was forged.

2. Summary judgment was improper because appellant did not personally owe the debt sued upon.

3. Appellant was not required to file a verified denial that he signed the guaranty because the guaranty was not an "instrument" as required by Rule 93(7).

4. Appellee's verification of its petition was defective.

5. The trial judge erred by denying appellant leave to amend his pleadings.

We address appellant's third point first, and we conclude that Rule 93(7) did require appellant to file a verified denial that he executed the guaranty in question. Under Rule 93(7), a defendant must make a verified denial to contest "the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part."[2] "In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."[3] At the time of the summary-judgment hearing, appellant did not have a verified denial on file that denied his execution of the guarantee. Appellant argues, as he argued in his motion for new trial, that the guaranty is not an "instrument" within the meaning of Rule 93(7). He cites two cases in support.[4]

---

[1] *See* TEX. R. APP. P. 38.9(a) (authorizing court to require rebriefing for formal defects).

[2] TEX. R. CIV. P. 93(7).

[3] *Id*.

[4] *See T.O. Stanley Boot Co, Inc. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992); *FDIC v. Coleman*, 795 S.W.2d 706 (Tex. 1990).

Appellant's contention is without merit. The cases he cites held that the guaranties involved in those cases were not negotiable instruments under the Uniform Commercial Code.[5] But the question presented in this case is the meaning of "instrument" in Rule 93(7). The rules of civil procedure do not define "instrument," so we give that term its ordinary meaning.[6] In common parlance, an "instrument" is simply a legal document evidencing legal rights or duties, especially of one party to another.[7] The guaranty in this case evidences appellant's legal duties to appellee. We conclude that the guaranty is an "instrument" within the meaning of Rule 93(7). Because appellant did not file a verified denial that he executed the guaranty, the trial judge properly treated the guaranty as "fully proved" under Rule 93(7).[8]

The foregoing suffices to dispose of appellant's first point as well. Appellee filed a summary-judgment reply in which it countered appellant's affidavit by pointing out that appellant had failed to file a verified denial that he had executed the guaranty. Because appellant failed to file a verified denial that he executed the guaranty, the trial judge properly disregarded appellant's summary-judgment affidavit to the effect that the signature on the guaranty was a forgery.[9]

Appellant's second point, that he was not personally liable for the debt, is without merit. The guaranty provides:

> In consideration of credit being extended to the above named firm, I personally guarantee all indebtedness hereunder. I further agree that this guaranty is an

---

[5] *See T.O. Stanley Boot Co.*, 847 S.W.2d at 223; *Coleman*, 795 S.W.2d at 710.

[6] *See State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180 (Tex. 2013) (per curiam) ("Undefined terms in a statute are typically given their ordinary meaning."); *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 663 n.4 (Tex. App.—Dallas 2008, no pet.) ("The principles of statutory construction apply to the rules of civil procedure . . . .").

[7] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 1172 (1981); *see also* BLACK'S LAW DICTIONARY 918 (10th ed. 2014) (defining *instrument* as a "written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate").

[8] *See* TEX. R. CIV. P. 93(7) ("In the absence of such a sworn plea [denying execution of an instrument], the instrument shall be received in evidence as fully proved.").

[9] *See Rockwall Commons Assocs., Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 506–07 (Tex. App.—El Paso 2010, no pet.) (parties who failed to file verified denial under Rule 93(7) and 93(8) "conclusively admitted the validity of the instruments").

absolute, completed and continuing one and no notice need be given. The terms may be rearranged, extended and/or renewed without notice to me. That [sic] I will, within five days from the date of notice that the account is past due, promise to pay the amount due.

Appellant does not explain why this provision is not sufficient to create personal liability on his part for his company's debts. We conclude that this provision does create personal liability on appellant's part.

In his fourth point, appellant points out that the verification attached to appellee's live pleading contains a mistake. The applicant on the credit application signed by appellant was "Maria Ind/Hill Tire." But the verification of appellee's petition does not mention Maria Industries, Hill Tire, or appellant. Instead, the verification refers only to a business called "R. R. & T. Farm Supply," as follows:

> The claim referred to in Plaintiff's Original Petition, attached to this affidavit and incorporated by reference, arises out of business dealings between [appellee] and R. R. & T. Farm Supply on which a systematic record has been kept and that involves the sale of goods, wares, and merchandise.

> The claim is within my knowledge, is just and true, is due to [appellee] from R. R. & T. Farm Supply, and all just and lawful offsets, payments, and credits have been allowed.

Plainly there is a disconnect between the verification and appellee's claim against appellant. But, assuming the trial judge relied on appellee's sworn petition in the course of granting summary judgment, any error was harmless. Appellee attached additional summary-judgment evidence to its summary-judgment motion, including a new affidavit to prove up appellant's liability on the debt as well as correspondence that also proved up appellant's liability. Appellant did not object to appellee's summary-judgment proof in the trial court and does not attack its sufficiency on appeal. Having reviewed the summary-judgment evidence, we conclude that appellant's fourth point on appeal is without merit.

Finally, appellant contends that the trial judge erred by refusing to grant his motion for leave to amend his pleading—a motion he incorporated into his motion for new trial, filed after the trial judge had granted summary judgment. "A trial court cannot grant a motion to amend the pleadings once the court renders judgment."[10] Accordingly, appellant's fifth point is without merit.

## III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

131409F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[10] *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.—Dallas 2007, no pet.).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEFF WRIGHT, INDIVIDUALLY AND D/B/A HILL TIRE COMPANY, Appellant

No. 05-13-01409-CV          V.

GATEWAY TIRE OF TEXAS, INC., Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-02515-B.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Gateway Tire of Texas, Inc. recover its costs of this appeal from appellant Jeff Wright, Individually and D/B/A Hill Tire Company.

Judgment entered November 20, 2014.