**AFFIRM; and Opinion Filed July 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00461-CV

## CREDITPLEX AUTO SALES L.L.C. D/B/A
## GREENVILLE MITSUBISHI AND LARRY JACKSON, Appellants
## V.
## CHRISTIN BISHOP, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01838-D**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Lang

Creditplex Auto Sales L.L.C. d/b/a Greenville Mitsubishi and Larry Jackson appeal the

trial court's final judgment in favor of Christin Bishop on her claims brought pursuant to the

Deceptive Trade Practice–Consumer Protection Act (DTPA),[1] awarding her $2,653.87 in damages,

$7,961.61 in additional damages based on the jury's finding that Creditplex and Jackson

knowingly and intentionally engaged in the deceptive conduct, and $61,170.00 in attorneys' fees.

The parties raise two issues: (1) Jackson argues the trial court erred when it denied his motion for

judgment notwithstanding the verdict because the evidence was insufficient to support the jury's

finding to jury question no. 1; and (2) Creditplex and Jackson argue the trial court erred when it

---

[1] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2011) (this subchapter may be cited as the Deceptive Trade Practices–Consumer Protection Act).

awarded Bishop attorneys' fees. We conclude the trial court did not err. The trial court's judgment is affirmed.

## I. PROCEDURAL CONTEXT

In her fifth amended petition, Bishop alleged several claims against Creditplex and Jackson, including claims for (1) violation of sections 17.50(a)(1) and 17.46(b)(24) of the DTPA for false, misleading, or deceptive acts or practices and (2) violation of section 17.50(a)(3) of the DTPA for engaging in an unconscionable act or course of action. In 2015, the case was tried to a jury. At the close of Bishop's evidence, Creditplex and Jackson moved for a directed verdict, which the trial court granted. Bishop appealed and this Court reversed and remanded the case to the trial court for further proceedings. *See Bishop v. Creditplex Auto Sales L.L.C.*, No. 05-15-00395-CV, 2016 WL 3453633 (Tex. App.—Dallas June 23, 2016, no pet.) (mem. op.).

In January 2017, the case was again tried to a jury. The jury found against Creditplex and Jackson and in favor of Bishop on her claims for false, misleading, or deceptive acts or practices and engaging in an unconscionable act or course of action. Also, the jury found that Creditplex knowingly and intentionally engaged in such conduct, and awarded Bishop $2,653.87 in damages and $7,961.61 in additional damages based on the jury's finding that Creditplex and Jackson knowingly and intentionally engaged in the deceptive conduct.

The parties agreed to submit the issue of attorneys' fees to the trial court. Bishop sought a total of $86,250 in attorneys' fees, and Creditplex and Jackson objected. After a hearing where no evidence was presented and which was not recorded, the trial court reduced the amount of attorneys' fees to $61,170. On February 9, 2017, the trial court signed its final judgment which incorporated the jury's verdict and its award of attorneys' fees.

## II. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

In issue one, Jackson argues the trial court erred when it denied Jackson's motion for judgment notwithstanding the verdict.[2] He claims the evidence was insufficient to support the jury's finding in jury question no. 1, which related to Bishop's claim for violation of sections 17.50(a)(1) and 17.46(b)(24) of the DTPA, alleging Jackson engaged in false, misleading, or deceptive acts or practices by failing to disclose information with the intent to induce Bishop into a transaction she otherwise would not have entered into. Bishop responds, in part, that Jackson has failed to challenge her independent claim for violation of section 17.50(a)(3) of the DTPA, which supports the trial court's judgment. In his reply brief, Jackson acknowledges that he did not explicitly mention the words "unconscionable" in his description of issue one. However, he contends that his argument was "intended to address the error in both Questions 1 and 2 of the trial verdict, referring to DTPA violations under [section] 17.46(b)(24)–failure to disclose certain information–as well as [section] 17.50(a)(3)–unconscionable actions, respectively."

### A. Applicable Law

### 1. Probable Rendition of an Improper Judgment

In general, an appellate court must affirm a trial court's judgment if an appellant does not challenge all independent bases or grounds that fully support the trial court's judgment. *See, e.g., Bowman v. The Bank of N.Y. Mellon Trust Co, N.A.*, No. 05-13-01684-CV, 2016 WL 258765, at *6 (Tex. App.—Dallas Jan. 21, 2016, pet. denied) (mem. op.); *LandAmercia Commonwealth Title Co. v. Wido*, No. 05-14-00036-CV, 2015 WL 6545685, at *9 (Tex. App.—Dallas Oct. 29, 2015, no pet.) (mem. op.); *Blackstone Med., Inc. v. Phoenix Surgicals L.L.C.*, 470 S.W.3d 636, 648 (Tex. App.—Dallas 2015, no pet.); *Creech v. Columbia Med. Ctr. of Las Colinas Subsidiary L.P.*, 411 S.W.3d 1, 6 (Tex. App.—Dallas 2013, no pet.); *Oliphant Fin. L.L.C. v. Angiano*, 295 S.W.3d 422,

---

[2] The jury found against both Jackson and Creditplex on Bishop's claims against them. However, in the parties' brief on appeal, only Jackson argues error as to the trial court's denial of the motion for judgment notwithstanding the verdict.

423–24 (Tex. App.—Dallas 2009, no pet.). When independent jury findings fully support a judgment, an appellant must attack each independent jury finding to obtain reversal. *See LandAmercia*, 2015 WL 6545685, at *9. If an independent ground fully supports the complained-of judgment, but the appellant assigns no error to that independent ground, an appellate court must accept the validity of that unchallenged independent ground, and any errors in the grounds challenged on appeal are harmless because the unchallenged independent ground fully supports the complained-of judgment. *See LandAmercia*, 2015 WL 6545685, at *9; *Blackstone*, 470 S.W.3d at 648; *Oliphant*, 295 S.W.3d at 423–24; *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.).

The harmless error rule states, in part, that before reversing a judgment because of an error of law, an appellate court must find that the error amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause "the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a)(1); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam); *Blackstone*, 470 S.W.3d at 648–49. The harmless error rule applies to all errors. *See Magee*, 347 S.W.3d at 297 (citing *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 819–20 (Tex.1980)); *LandAmercia*, 2015 WL 6545685, at *9; *Blackstone*, 470 S.W.3d at 649.

### 2. Deceptive Trade Practice Act

Section 17.50 establishes when a consumer may maintain an action for damages under the DTPA. *See* TEX. BUS. & COM. CODE ANN. § 17.50 (West 2011). Section 17.50(a)(1) provides that a consumer may maintain an action when the defendant uses or employs a false, misleading, or deceptive act or practice that is specifically enumerated in section 17.46 and relied on by the consumer to her detriment. *See* BUS. & COM. § 17.50(a)(1). To prevail on a failure-to-disclose claim under section 17.46(b)(24) of the DTPA, the plaintiff must show the following elements: (1) a failure to disclose material information concerning goods or services that was (2) known at the

time of the transaction, (3) and intended to induce the consumer into a transaction, (4) which the consumer would not have entered had the information been disclosed. *See* BUS. & COM. § 17.46(b)(24) (West Supp. 2017); *Ryan Constr. Servs. L.L.C. v. Robert Half Int'l, Inc.*, 541 S.W.3d 294, 304–05 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Section 17.50(a)(3) provides that a consumer may maintain an action when the defendant engages in any unconscionable action or course of action that constitutes a producing cause of economic damages. *See* BUS. & COM. § 17.50(a)(3); *Ryan Constr.*, 541 S.W.3d at 305. The DTPA defines "[u]nconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." *See* BUS. & COM. § 17.45(5) (West Supp. 2017); *Ryan Constr.*, 541 S.W.3d at 305. To prove an unconscionable action, a consumer must show that the defendant's acts took advantage of the lack of knowledge and that the resulting unfairness was glaringly noticeable, flagrant, complete, and unmitigated. *See Bradford v. Vento*, 48 S.W.3d 749, 760 (Tex. 2001); *Ryan Constr.*, 541 S.W.3d at 305.

### B. *Application of the Law to the Facts*

Jury question no. 1 asked whether Creditplex, Jackson, or both engaged in any "false, misleading, or deceptive act or practice that [] Bishop relied on to her detriment and that was the producing cause of damage to [] Bishop." The definition of "false, misleading, or deceptive act or practice" in jury question no. 1 tracked the language in sections 17.50(a)(1) and 17.46(b)(24) of the DTPA. It also provided the elements of fraud by nondisclosure. The jury separately answered "yes" as to both Creditplex and Jackson.

Jury question no. 2 asked whether Creditplex, Jackson, or both engaged in any unconscionable action or course of action that was a producing cause of damages to Bishop. For the definition of "unconscionable," jury question no. 2 tracked the definition provided in section

17.45(5) of the DTPA. Again, the jury separately answered "yes" as to both Creditplex and Jackson. Jury question no. 3 instructed the jury that it should answer the damages question only if it answered "yes" in response to question no. 1 or question no. 2.

In his motion for judgment notwithstanding the verdict, Jackson argued as to Bishop's failure to seek to pierce the corporate veil and contended the evidence was insufficient to support the elements of fraud by nondisclosure. The motion did not address Bishop's unconscionability claim. Similarly, Jackson's brief on appeal focused on the sufficiency of the evidence to support liability for nondisclosure under the cause of action brought pursuant to sections 17.50(a)(1) and 17.46(b)(24). Jackson does not address in his motion for judgment notwithstanding the verdict or his brief on appeal the separate cause of action alleging unconscionable conduct pursuant to section 17.50(a)(3). Accordingly, assuming, without deciding, the trial court erred when it denied Jackson's motion for judgment notwithstanding the verdict on the basis that the evidence was insufficient to support the jury's verdict on Bishop's claim under sections 17.50(a)(1) and 17.46(b)(24) of the DTPA, that error is harmless because Jackson fails to challenge on appeal an independent ground that fully supports the jury's verdict. *See LandAmercia*, 2015 WL 6545685, at \*9; *Blackstone*, 470 S.W.3d at 648; *Oliphant*, 295 S.W.3d at 423–24; *Prater*, 217 S.W.3d at 740–41.

Issue one is decided against Jackson.

### III. ATTORNEYS' FEES

In issue two, Creditplex and Jackson argue the trial court erred when it awarded Bishop attorneys' fees because: (1) the amount of attorneys' fees is grossly disproportionate to the amount of damages awarded; (2) the attorneys' fees were not segregated even though there were multiple causes of action alleged and only two were ultimately tried; (3) the attorneys' fees were not authorized for the majority of the causes of action alleged; (4) Creditplex and Jackson should not

–6–

have been found jointly and severally liable; (5) the attorneys' fees were awarded for all trials, including the one Bishop lost, which was subsequently reversed on appeal; and (6) the evidence was insufficient to establish the attorneys' fees were reasonable and necessary. Bishop responds that Creditplex and Jackson failed to bring forward a complete record for appeal because there is no reporter's record of the hearing on attorneys' fees.

### A. Standard of Review

An appellate court generally reviews a trial court's decision to award attorneys' fees for an abuse of discretion. *See Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017) (determination of reasonable and necessary attorneys' fees generally left to trier of fact); *Ventling v. Johnson*, 466 S.W.3d 143, 155 (Tex. 2015) (discussing attorneys' fees in terms of trial court's discretion); *Blackstone*, 470 S.W.3d at 657.

### B. Applicable Law

A party may recover attorneys' fees only as provided by contract or statute. *See Blackstone*, 470 S.W.3d at 657; *Tex. Worldwide Asset Purchasing, L.L.C. v. Rent–A–Center E., Inc.*, 290 S.W.3d 554, 570 (Tex. App.—Dallas 2009, no pet.). Section 17.50(d) allows prevailing consumers to recover reasonable and necessary attorneys' fees. *See* BUS. & COM. § 17.50(d). The party seeking recovery of attorneys' fees bears the burden of proof to support the award. *See Kinsel*, 526 S.W.3d at 427; *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009). However, the trial court is not bound by even uncontroverted attorneys' fees evidence and may award less than requested. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 319 (Tex. App.—Dallas 2009, pet. denied).

### C. Application of the Law to the Facts

The parties agreed to reserve the issue of attorneys' fees for the trial court. After the jury returned its verdict, Bishop filed a motion for attorneys' fees and entry of judgment. To support

her claim for attorneys' fees, she attached the affidavits of two attorneys and their billing records. Bishop sought a total of $86,250 in attorneys' fees and cited case law for the proposition that in consumer protection cases, the amount of attorneys' fees can greatly exceed the amount of actual damages. Creditplex and Jackson filed their written objections to Bishop's motion for attorneys' fees. Those objections are similar to their arguments on appeal. There does not appear to be a written response to the objections in the record.

The parties agree there was a hearing on Bishop's motion for attorneys' fees, there was no evidence presented during that hearing, and no record was made of the hearing. After the hearing, the trial court awarded Bishop attorneys' fees in the amount of $61,170. This amount was $25,080 less than the $86,250 requested by Bishop. *See Jarvis*, 298 S.W.3d at 319 (trial court not bound by even uncontroverted attorneys' fees evidence and may reward less than requested). Although the hearing was not an evidentiary hearing, without a record, we cannot determine the basis on which the trial court reduced Bishop's attorneys' fees. Accordingly, on this record, we cannot conclude the trial court abused its discretion for the reasons alleged by Creditplex and Jackson.

Issue two is decided against Creditplex and Jackson.

## IV. CONCLUSION

Even if the trial court erred when it denied Jackson's motion for judgment notwithstanding the verdict on the basis that the evidence was insufficient to support the jury's verdict on Bishop's claim under sections 17.50(a)(1) and 17.46(b)(24) of the DTPA, that error is harmless because Jackson fails to challenge on appeal an independent ground that fully supports the jury's verdict. Also, we cannot conclude the trial court abused its discretion when it awarded Bishop attorneys' fees.

The trial court's final judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

170461F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CREDITPLEX AUTO SALES L.L.C.
D/B/A GREENVILLE MITSUBISHI AND
LARRY JACKSON, Appellants

No. 05-17-00461-CV          V.

CHRISTIN BISHOP, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-01838-D.
Opinion delivered by Justice Lang. Justices
Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHRISTIN BISHOP recover her costs of this appeal and the full amount of the trial court's judgment from appellants CREDITPLEX AUTO SALES L.L.C. D/B/A GREENVILLE MITSUBISHI AND LARRY JACKSON and from the cash deposit in lieu of supersedeas bond. After all costs have been paid, the clerk of the trial court is directed to release the balance, if any, of the cash deposit in lieu of supersedeas bond to the person who made the deposit.

Judgment entered this 5th day of July, 2018.