

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00654-CV

**IN RE** Christopher **HAINES**

Original Mandamus Proceeding[1]

Opinion by:     Irene Rios, Justice

Sitting:        Karen Angelini, Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed: November 28, 2018

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator asserts the trial court abused its discretion by allowing the real party in interest to amend her petition after the trial court rendered a take-nothing summary judgment in favor of relator. We agree and conditionally grant the petition.

## BACKGROUND

The real party in interest (hereinafter, the "plaintiff") sued relator, relator's brother Daniel Haines, and Texas Clydesdales, LLC alleging the following causes of action: (1) breach of contract, (2) common law fraud, (3) negligent misrepresentation, (4) conversion, and (5) violations of the Theft Liability Act. After Daniel died, plaintiff filed a first amended petition in which she

---

[1] This proceeding arises out of Cause No. 2017CI18574, styled *Virginia Castillo v. Christopher Haines and Daniel Haines*, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable John D. Gabriel, Jr. presiding.

alleged the following claims against relator and Daniel's estate: (1) promissory estoppel and (2) unjust enrichment. Texas Clydesdales, LLC and all other causes of action were dropped.

On June 29, 2018, relator moved for both a traditional summary judgment and a no-evidence summary judgment on plaintiff's promissory estoppel and unjust enrichment claims. In his motion for summary judgment, relator asked for relief only as to himself.[2] Plaintiff filed a response to relator's motion for summary judgment. After relator filed a reply, plaintiff filed a response, stating, "The Plaintiff is now going to amend the petition again to include an Implied-in-Law Contract or quasi contract [claim]." Plaintiff did not file a second amended petition; therefore, the live pleading before the trial court when it considered relator's motion for summary judgment was plaintiff's first amended petition. On July 25, 2018, the trial court granted relator's motion for summary judgment on plaintiff's two claims and ordered that plaintiff take nothing on these "causes of action against [relator]."

On or about August 14, 2018, plaintiff filed a motion for leave to file a second amended petition. In this motion, plaintiff admitted "[t]he purpose of [her] amendment is to add a new claim of implied-in-law contract . . . ." Plaintiff contended relator could not claim surprise by the amendment and could have reasonably anticipated a claim of implied-in-law-contract because plaintiff "eluded that she was going to amend her pleadings in her response to [relator's] motion for summary judgment prior to the summary judgment being granted." Plaintiff also noted, "on August 9, 2018, [relator] filed a motion to sever [relator] to finalize the judgment on claims against him and [sic] is set for hearing on Monday, August 20, 2018." Relator filed a response and objection to the motion for leave to amend.

---

[2] Daniel's estate did not move for summary judgment.

On August 23, 2018, the trial court signed a written order granting plaintiff leave to file the second amended petition. The mandamus record contains a copy of the "judge's notes," which contain an August 23 hand-written notation stating, "The court finds that the summary judgment order is interlocutory." The "notes" also state the motion to sever was denied. The next day, plaintiff filed her second amended petition in which she raised the following claims "against [relator] as the sole heir of Daniel Haines Estate:" (1) implied-in-law contract and (2) promissory estoppel. She also raised the implied-in-law contract claim against relator individually.

## ANALYSIS

In his petition for writ of mandamus, relator asserts the trial court abused its discretion by allowing plaintiff to file an amended petition after the trial court rendered a take-nothing summary judgment in his favor. In her response to the petition, plaintiff contends she could seek leave of court to file an amended petition pursuant to Texas Rule of Civil Procedure 63. Plaintiff contends relator cannot and did not show surprise under Rule 63 because she "eluded that she was going to amend her petition in her" response to relator's motion for summary judgment.

Rule 63 provides in pertinent part as follows:

> Parties may amend their pleadings . . . at such time as not to operate as a surprise to the opposite party; provided, that any pleadings . . . offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, *shall be filed only after leave of the judge is obtained*, *which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party*.

TEX. R. CIV. P. 63 (emphasis added). A summary judgment proceeding is a trial within the meaning of Rule 63. *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988) (considering amendment filed four days before summary judgment hearing).

Texas Rule of Civil Procedure 166a(c) provides that a summary judgment shall be rendered on the "pleadings . . . on file at the time of the hearing, or filed thereafter *and before judgment* with

permission of the court . . ..” TEX. R. CIV. P. 166a(c) (emphasis added). To file an amended pleading after the summary judgment hearing but before judgment is rendered, a non-movant must secure the trial court's permission. TEX. R. CIV. P. 166a(c); *see also Prater v. State Farm Lloyds*, 217 S.W.3d 739, 741 (Tex. App.—Dallas 2007, no pet.); *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728, 735 (Tex. App.—Texarkana 2003, no pet.); *Automaker, Inc. v. C.C.R.T. Co.*, 976 S.W.2d 744, 745 (Tex. App.—Houston [1st Dist.] 1998, no pet.); TEX. R. CIV. P. 63 (requiring leave of court to file any pleading “within seven days of the date of trial or thereafter”). A trial court cannot grant a motion to amend the pleadings once the court renders judgment. *Prater*, 217 S.W.3d at 741; *Denman*, 123 S.W.3d at 735; *Automaker*, 976 S.W.2d at 746.

Plaintiff argues *Automaker* does not apply here because the summary judgment in that case was final and appealable; whereas here, the summary judgment in favor of relator is interlocutory. Whether the summary judgment is final or interlocutory is of no consequence. Relator is seeking mandamus relief from an order allowing plaintiff to amend her petition to assert additional claims against relator *after* the trial court rendered a take-nothing summary judgment in his favor on all claims asserted against him in plaintiff's last live pleading before the court.

Plaintiff's implied-in-contract claim was not on file at the time of the summary judgment hearing and was not filed thereafter “*before* judgment with permission of the court.” *See* TEX. R. CIV. P. 166a(c) (emphasis added). Rather, plaintiff filed her second amended petition to add this claim twenty days after the trial court signed the order granting relator's take-nothing summary judgment. Therefore, we conclude the trial court erred in granting plaintiff's motion to amend. *See Prater*, 217 S.W.3d at 741 (holding trial court properly considered amended petition “a nullity” because it was filed after trial court had signed order granting take-nothing summary judgment in defendant's favor); *Denman*, 123 S.W.3d at 735 (refusing to consider claims raised in petition filed after summary judgment granted).

**CONCLUSION**

For the reasons stated above, we conditionally grant the petition for writ of mandamus, and direct the trial court to vacate, within fifteen days of this opinion, its August 23, 2018 Order Granting Leave to File Amended Pleadings as that order applies to any claims asserted by plaintiff against relator in plaintiff's second amended petition. We are confident the trial court will comply with this opinion within the next fifteen days. A writ will issue only if the trial court fails to do so.

Irene Rios, Justice