**Affirmed and Opinion Filed July 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00937-CV**

**IN THE MATTER OF THE RUFF MANAGEMENT TRUST**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-14-03113-1**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Kennedy[1]
Opinion by Justice Goldstein

This is the latest installment in the years-long legal turmoil involving the Ruff

Management Trust (the Trust). Appellants Tracy Ruff Bakshi, Kelly Ruff Frazier,

and Mark Ryan Ruff (the Children) appeal the trial court's order denying their TCPA

motion to dismiss appellee Suzann Ruff's motion to modify the Trust. In six issues,

the Children contend that the trial court erred by (issues 1–5) denying the motion to

dismiss and (issue 6) denying their request for attorney's fees. We affirm.

---

[1] The Honorable Justice David J. Schenck was originally a member of this panel. The Honorable Justice Kennedy succeeded Justice Schenck when his term expired on December 31, 2022. Justice Kennedy has reviewed the briefs and the record.

The facts are well-known to the parties, and we will not expound on them at length except as necessary to resolve the issues before us.[2] Briefly, Suzann's late husband, Arthur Ruff, died in 1998, leaving behind a sizeable estate. Arthur was survived by Suzann and the couple's five children: Mike, Matthew, Tracy, Kelly, and Mark. In 2007, Suzann and Mike created the Trust to meet Suzann's needs and best interests. Mike was the original trustee, but a dispute with Suzann led to Mike's resignation via a settlement agreement. After that, the Children served as co-trustees, but they too resigned, and Frost Bank was appointed successor trustee. Frost Bank also resigned, and the Children were again made co-trustees by operation of the Trust's terms. *See Ruff III*, 2020 WL 7065829, at *3.

In 2019, Suzann moved to modify or terminate the Trust. Specifically, Suzann sought to modify a provision in the Trust that required any decision regarding the appointment of new trustees to be made by herself and Mike "acting jointly." *Id.* at *2. In her motion, Suzann listed several reasons why Mike should be excluded from such decisions, including that a separate arbitration tribunal found that Mike had

---

[2] For a more detailed background of the parties' dispute within our jurisdiction, see *Ruff v. Ruff* (*Ruff I*), No. 05-18-00326-CV, 2018 WL 2926639, at *1 (Tex. App.—Dallas June 8, 2018) (mem. op.) (reviewing order setting amount of supersedeas bond); *Ruff v. Ruff (Ruff II)*, 05-18-00326-CV, 2020 WL 4592794, at *1 (Tex. App.—Dallas Aug. 11, 2020, pet. denied) (mem. op.) (affirming probate court's final judgment confirming arbitration award); *In re Ruff Mgmt. Tr. (Ruff III)*, No. 05-19-01505-CV, 2020 WL 7065829, at *1 (Tex. App.—Dallas Dec. 3, 2020, no pet.) (mem. op.) (affirming court-ordered trust modification), and *Ruff v. Ruff (Ruff IV)*, No. 05-21-00157-CV, 2022 WL 420353, at *1 (Tex. App.—Dallas Feb. 11, 2022, pet. denied) (mem. op.) (TCPA appeal in suit involving property dispute of a property subject of a constructive trust imposed by the final judgment).

committed fraud and awarded Suzann approximately $67 million in damages.[3] The trial court granted that request, and the Children appealed. On appeal, we concluded that the Children were not harmed because the trial court's order affected only Mike, who was not party to the appeal. *See Ruff III*, 2020 WL 7065829, at *3. We explained:

> [C]ontrary to the Children's argument, the order does not remove them as successor co-trustees. Instead, it says only that subject to court approval Suzann *can* replace or remove them, a right she already had. . . . In essence, the only thing the order does is remove Mike from the . . . equation and substitute the trial court in his place.

*Id.* We therefore affirmed the trial court's order.

On April 28, 2021, when the case returned to the trial court, Suzann filed a motion to terminate the Trust or alternatively to modify it by removing the children as co-trustees. She amended the motion on May 11, 2021. In the amended motion, Suzann cited the various lawsuits the Children filed—and the adverse legal positions they have taken—against her, the person to whom they owe fiduciary duties as trustees. On July 6, 2021, the Children filed a motion to dismiss Suzann's motion pursuant to the Texas Citizens Participation Act (TCPA). The trial court denied the Children's motion to dismiss, and this appeal followed.

Chapter 27 of the Texas Civil Practice and Remedies Code is an "anti-SLAPP statute," a legislative enactment to curb "strategic lawsuits against public

---

[3] The arbitration award was the subject of the dispute in *Ruff I and Ruff II*. *See Ruff I*, 2018 WL 2926639, at *1; *Ruff II*, 2020 WL 4592794, at * 1.

participation." *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 868 (Tex. App.—Dallas 2014, no pet.). The primary feature of the TCPA is a dismissal framework that allows defendants at an early stage to seek dismissal, attorney's fees, and sanctions for the filing of a meritless suit in response to a defendant's exercise of a protected right. *Equine Holdings, LLC v. Jacoby*, No. 05-19-00758-CV, 2020 WL 2079183, at *6 (Tex. App.—Dallas Apr. 30, 2020, pet. denied) (mem. op.). The TCPA requires that a motion to dismiss a legal action be filed "not later than the 60th day after the date of service of the legal action." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(b). The deadline to file a TCPA motion to dismiss may be extended by agreement of the parties or by the trial court on the movant's showing of good cause. *Id.* Absent good cause, a trial court does not err in denying an untimely motion to dismiss. *In re C.T.H.*, 617 S.W.3d 57, 63 (Tex. App.—Dallas 2020, no pet.).

In their first five issues, the Children assert that the trial court erred in denying their TCPA motion. In their sixth issue, the Children assert that the trial court erred in denying their request for attorney's fees. We need not address these issues because the Children failed to challenge every independent basis supporting the trial court's ruling.

"When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling." *Duncan v. Acius Group, LP*, No. 05-18-01432-CV, 2019 WL 4392507, at *5 (Tex. App.—Dallas

Sept. 13, 2019, no pet.) (mem. op.) (quoting *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.)).

Here, the Children conceded in their TCPA motion that it was untimely. They argued, however, that their deadline to file it should be extended for two reasons: (1) their attorney withdrew from representation in the sixty-day window and they had to obtain new counsel, and (2) the supreme court's then-current COVID order authorized extension of the deadline. In her response, Suzann asserted in part that the Children's motion should be denied as untimely. She argued that the Children's good-cause explanation failed because only one of their attorneys withdrew while the Children's remaining attorneys continued to represent them during the pendency of her motion to modify. The trial court ultimately denied the Children's TCPA motion without stating its basis. On appeal, the Children's opening brief does not mention Suzann's timeliness argument. Only after Suzann raised timeliness in her response brief did the Children address the issue in their reply brief. We cannot consider issues raised for the first time in a reply brief. *Duncan*, 2019 WL 4392507, at *6 (affirming denial of a TCPA motion where appellant challenged a basis for the trial court's ruling for the first time in a reply brief); *Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.) (same). Because the trial court could have based its decision the untimeliness of the Children's motion, the Children were required to address that ground in their opening brief. They failed to do so, and we must therefore affirm.

We overrule the Children's issues and affirm the trial court's order.

210937f.p05

/Bonnie Lee Goldstein//
BONNIE LEE GOLDSTEIN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE MATTER OF THE RUFF
MANAGEMENT TRUST

No. 05-21-00937-CV

On Appeal from the Probate Court
No. 1, Dallas County, Texas
Trial Court Cause No. PR-14-03113-1.
Opinion delivered by Justice
Goldstein. Justices Reichek and
Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SUZANN RUFF recover her costs of this appeal from appellants TRACY RUFF BAKSHI, KELLY RUFF FRAZIER, and MARK RYAN RUFF.

Judgment entered this 11th day of July 2023.