**Dissenting Opinion Filed August 22, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00413-CV

**LILLIE FAY BILLS, OLA LEE MYERS, AND
VANQUISHA EVERYLEE JACKSON, Appellants
V.
OSCAR EUGENE MILLS AND
ANTONIO LEKEITH ENGLISH, Appellees**

**On Appeal from the 95th District Court
Dallas County, Texas
Trial Court Cause No. DC-20-18670**

## DISSENTING OPINION

Before Justices Reichek, Goldstein, and Garcia
Dissenting Opinion by Justice Garcia

I agree with the majority's disposition of appellants' first and third issues, but I disagree with the majority's conclusion that Myers is not a proper party to this appeal. Accordingly, I respectfully dissent.

**A. Summary**

Ola Lee Myers plainly believes that the trial court's judgment harms her—she joined in the notice of appeal from that judgment and in the appellants' brief seeking reversal of that judgment. Nevertheless, the majority concludes that Myers is not a

proper party to this appeal because (i) Myers was never served with process, (ii) she never appeared in the case, and therefore (iii) the judgment operated as a dismissal of appellees' claims against Myers. Although point (i) is correct, I believe that point (iii) is untenable in light of the trial court's judgment as a whole. Additionally, we should not reach point (ii) because Myers has not argued that she did not appear in the case.

Below I address point (iii) before turning to point (ii).

**B.      Myers is a proper party to this appeal.**

The majority concludes that the judgment effectively dismissed Myers from the lawsuit and thereby deprived her of any basis to be a proper appellant on appeal. I disagree and would conclude that Myers is a party to the judgment and a proper appellant for two reasons.

First, the judgment makes unspecified "Defendants" jointly and severally liable for appellees' attorneys' fees. The style of the case at the top of the judgment lists Bills, Myers, and Jackson as "Defendants," and the body of the judgment never defines "Defendants" differently. Although the judgment's opening recitals state, "Defendants Lillie Faye Bills and Vanquisha Everylee Jackson appeared pro se and announced ready for trial," the judgment nowhere states that Myers is not a "Defendant" upon whom the judgment operates. The majority appears to conclude that Myers is not one of the "Defendants" who is liable for appellees' attorneys' fees based on Texas Rule of Civil Procedure 629 and Texas Property Code § 52.003, but

I see nothing in those authorities to support the majority's conclusion. In short, the judgment appears to impose liability on Myers for appellees' attorneys' fees, so Myers is a proper appellant.

Second, even if the judgment does not impose liability on Myers for appellees' attorneys' fees, the judgment deprives Myers of a property interest in the real estate in question. The judgment specifically identifies the deed "purporting to transfer" Oscar Mills's house "to Lillie Faye Bills, Ola Lee Myers and Vanquisha Everylee Jackson," and it then proceeds to decree that the deed is invalid, is void, and "shall not be considered a muniment of title or transfer of title to the Defendants [again undefined] in this cause." Beyond that, the judgment directs the district clerk to file the judgment in Dallas County's real-property records and "to strike the above referenced Deed from the Property Records of Dallas County, in order to remove any cloud on the title of Mr. Oscar Eugene Mills and Antonio Lekeith English in this matter." This last part of the judgment, at the very least, operates to deprive Myers of the interest in real property ostensibly conveyed by the deed. Thus, I cannot agree with the majority that the judgment merely dismissed Myers from the case. Because the judgment voids the deed in Myers's favor and orders the deed to be struck from the property records, Myers is a proper party to pursue an appeal from the judgment. *See Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ) (nonparty trust beneficiaries could appeal judgment that disbursed trust funds to plaintiff's lawyer instead of to beneficiaries as trust provided).

**C.** **We should overrule appellants' second issue because appellants fail to address an independent basis for the trial court's exercise of personal jurisdiction over Myers.**

Because I would conclude that Myers is a proper appellant in this appeal, I would directly address appellants' second issue in which they contend that the trial court did not acquire personal jurisdiction over Myers because she was never served with process. Indeed, the majority indirectly addresses the second issue as well, concluding that Myers was never served and did not appear before judgment before holding that the judgment effectively dismissed appellees' claims against Myers and deprived Myers of the right to appeal. But instead of reaching the merits of appellants' second issue and appellees' counterargument, I would overrule appellants' second issue because appellants do not address a possible independent ground that supports the trial court's exercise of jurisdiction over Myers.

In their second issue, appellants argue only that the trial court did not acquire personal jurisdiction over Myers because Myers was never served with process. Appellees respond that Myers appeared via Bills's pro se answer because that answer purported to be made on behalf of "Lillie Faye Mills [sic] et al."

I agree with the majority that the record does not show that appellant Myers was ever served with process. Nevertheless, in my view we should affirm the judgment as to Myers because she did not address a possible independent basis for the trial court's exercise of jurisdiction over her—the possibility that she generally appeared in this case via appellant Bills's pro se answer, which can reasonably be

–4–

read to be an answer on behalf of "Lillie Faye Mills [sic] et al." The phrase "et al." means "and others," and because appellees sued only two defendants besides Bills, "and others" necessarily means Myers and Jackson. And if Bills's answer constituted an answer by Myers, then Myers was before the trial court even without service of process. *See* TEX. R. CIV. P. 121 (providing that an answer constitutes an appearance that makes service of citation unnecessary).

"When a separate and independent ground that supports a ruling is not challenged on appeal, we must affirm the lower court's ruling." *Prater v. State Farm Lloyds*, 217 S.W.3d 739, 740–41 (Tex. App.—Dallas 2007, no pet.). Although it is true that appellees did not argue in the trial court—at least, not on the record—that Bills's answer constituted an answer and appearance by Myers, I would not assume that the trial judge did not review the file before signing a judgment that adversely affects Myers's interests. Indeed, I would assume that she did. At the beginning of the one-day trial, appellees' attorney told the trial judge that Myers had never been served, so the judge knew about of the possible defect of personal jurisdiction over Myers. Nevertheless, the trial judge signed the judgment the same day as the trial. I would infer that the judge believed she had the power to render a judgment adversely affecting Myers's interests because she saw Bills's answer in the file and construed it as an appearance by Myers. *Cf. In re S.V.*, No. 05-12-00663-CV, 2014 WL 4294962, at *5 n.9 (Tex. App.—Dallas Aug. 21, 2014, pet. denied) (mem. op.) ("[W]e may presume the trial court took judicial notice of its own files.").

Thus, in my view, the record presents a possible independent ground for jurisdiction over Myers that she did not address in her sole appellate brief, and this is fatal to her appeal. Although this rule is usually applied when independent grounds are expressly argued on the record in the trial court, I would apply it to this case as well because (i) the issue is one of jurisdiction over a defendant's person and (ii) the possible ground for jurisdiction is apparent on the face of the record, within the permissible scope of judicial notice, and established by the rules of procedure. *See* TEX. R. CIV. P. 124 (providing that a judgment may be rendered against a defendant after service, acceptance or waiver of process, or an appearance by the defendant); *see also Kearns v. Heller*, No. 04-23-01089-CV, 2024 WL 3433846, at *2 (Tex. App.—San Antonio July 17, 2024, no pet. h.) (mem. op.) (holding that appellant should have addressed in his opening brief the untimeliness of the hearing of his TCPA motion, even though appellees did not object on that basis in the trial court, because the hearing deadline was a mandatory statutory requirement and thus an independent basis for the denial of motion). If Myers was surprised by appellees' argument that Bills's answer was an appearance by Myers, she could have sought leave to amend appellants' brief and address that argument. *See* TEX. R. APP. P. 38.7. She opted not to.

I disagree with the majority's decision to raise arguments on Myers's behalf, and accordingly I would overrule issue two without deciding the merits of whether Bills's answer constituted an appearance by Myers.

**D.      Conclusion**

I disagree with the majority's holding that Myers is not a proper party to this appeal. Accordingly, I respectfully dissent.

/Dennise Garcia/

DENNISE GARCIA

JUSTICE

230413DF.P05